Clarence Penwitt, Appellee, v. City of Chicago, Appellant.

Gen. No. 41,839.

Heard in the third division of this court for the first district at the October term, 1941. Opinion filed June 24, 1942.

BARNET HODES, Corporation Counsel, for appellant; JAMES A. VELDE, RUSSELL BUNDESEN and L. LOUIS KARTON, Assistant Corporation Counsel, of counsel.

KAMIN & KAMIN and MAURICE A. FRANK, all of Chicago, for appellees; ALFRED KAMIN, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action for personal injuries to plaintiff. The jury returned a verdict in his favor for $2,500. Defendant's motions for a directed verdict and a new trial were overruled and judgment entered on the verdict. The City has appealed.

On June 26, 1937, at about 10:45 a.m., Clarence Penwitt, 34 years old, was injured by an automobile in Green street, Chicago. At the time of the injury and before, for several blocks, plaintiff was seated on the cross-bar of a bicycle of an acquaintance Hendricks who was propelling the bicycle and had volunteered to take plaintiff home. Plaintiff was seated between the saddle and the handle-bars with both feet on one side of the cross-bar, held up and forward at an angle in order to avoid Hendrick's knee as it rose with the pedal. In this posi-

tion plaintiff was seated between the arms of Hendricks whose hands were on the handle-bars and who was seated in the saddle. As they entered the 6300 block in Green street, going north, they heard a horn blow and turned to see what it was. Automobiles were parked solidly on both sides of the street and as they turned, plaintiff saw an automobile approaching in the center of the street from the rear, and Hendricks steered to the right to within 3 or 4 feet of the parked cars. They traveled for some distance in that position until the front wheel of the bicycle dropped into a hole in the street and plaintiff was thrown from the cross-bar into the path of the automobile which struck him as it was passing. Plaintiff received a comminuted fracture of the upper left arm. The hole which the bicycle struck was about 2 feet wide, 3 feet long and 5 or 6 inches deep, and the driver of the automobile, plaintiff's witness, had 5 or 6 weeks before seen and struck the hole. The only evidence introduced by the City was section 46 of the Chicago Revised Uniform Traffic Code, making unlawful the carrying of any other person upon the handle bar, frame or tank of any bicycle. The plaintiff seems to admit that he was violating that section.

The only question in the case is whether the plaintiff was guilty of such contributory negligence, as a matter of law, as should have caused the trial court to direct a verdict for the defendant.

The City contends that on the undisputed facts, all reasonable minds will agree that the plaintiff's injury was the result of his own negligence and that there are no inferences of plaintiff's due care that can be drawn from the evidence. We shall look to the evidence to determine whether there is any evidence in the record which, with the legitimate inferences that may be reasonably and legally drawn therefrom, tends to show plaintiff's due care. If any such evidence is present, the plaintiff must prevail.

The defendant refers us to cases which hold that one riding a bicycle in the City must assume that the street is not perfectly smooth; that where an occupant of a vehicle contributes by his negligence with that of the driver to the accident, he may not recover, and that plaintiff should have looked forward while being driven and that if he had looked forward he would have seen the hole in the pavement. These cases are not helpful for it was not a question of the street's smoothness, but of a hole 3 feet long and 2 feet wide and 5 or 6 inches deep; there is no claim or any evidence of negligence on the part of Hendricks; and, as will later appear, the evidence and inferences indicate that had plaintiff looked and seen the hole he would not have been any better off. We agree with the contention of the City and the rule set forth in *Linehan v. Morton*, 221 Ill. App. 70, that Hendricks and plaintiff both had a duty to use greater care than if plaintiff were not riding as he was. In connection with this last observation, the record does not disclose any evidence which proves, or from which an inference is justified, that Hendricks and plaintiff were not exercising reasonable care for their own safety under the circumstances. The defendant says that Hendricks and the plaintiff were bound to anticipate that the street might not be smooth, or that a defect in the pavement might cause the bicycle to fall. The plaintiff was not bound to anticipate negligence on the part of the City.

The defendant says that both plaintiff and Hendricks were violating an ordinance of the City of Chicago and that it "would seem" that violation of the ordinance was contributory negligence *per se*. The fact alone that plaintiff was violating an ordinance of the City does not bar his right to recover unless the violation proximately contributed to the accident. *Streeter v. Humrichouse,* 357 Ill. 234. A consideration of the circumstances of this accident, having in mind the width of the street, about 25 feet, with cars parked solidly on both sides;

plaintiff sitting on the cross-bar with both feet on one side and extended out and forward; an automobile passing at about thè center of the street, leaving a comparatively narrow path through which Hendricks and the plaintiff had to pass, and the presence of the hole in that path; leaves little room for doubt that the hole in the street was the proximate cause of the accident and the presence of the plaintiff on the cross-bar, simply a condition which made possible his propulsion from the bar into the path of the automobile. Where the facts, as here, show that plaintiff's unlawful act furnished only a condition and not the proximate cause, the question of his due care was properly submitted to the jury. *Streeter v. Humrichouse,* 357 Ill. 234. Defendant argues that the plaintiff not only merely failed to produce evidence of due care, but that his own evidence proves his contributory negligence. We have said that the question is whether the conduct of the plaintiff contributed to the proximate cause of the injury. Plaintiff had ridden in the same position on the bicycle for several blocks before the accident occurred. Defendant says that plaintiff was further guilty of contributory negligence ''in having blindly entrusted his safety to a man he barely knew'' and also in riding ''in sort of the center of the street'' instead of complying with an ordinance providing that bicycles should be operated as close as conditions permit to the right hand curb. We think that plaintiff's trust in Hendricks had nothing to do with the case and that solid parking of cars at the right hand curb prevented Hendricks from steering closer than he did to the right. Defendant also charges that the bicycle was overloaded and top heavy and more difficult for Hendricks to control than it would have been except for plaintiff's position. There is no evidence that Hendricks did not control the bicycle or that he could have done so better, nor is there any evidence that better control would have avoided the hole in the street. The defendant further says that ''poised as he was'' on the

cross-bar, plaintiff placed himself voluntarily in such a perilous position that when danger presented itself he was unable to extricate himself from it and he, therefore, cannot recover. The answer to this contention is that he need not have anticipated the hole in the street and that unless, from the evidence and just inferences, we can say that the plaintiff failed to prove his conduct did not contribute proximately to the cause of the accident, then defendant who presented the danger from which plaintiff could not extricate himself, must bear the consequences. Defendant also contends that plaintiff's position obviously interfered with the vision of Hendricks who could not have had a "safe" view of the road. There is no evidence of this and it is just as fair to infer that he could see and did have a fair view and, in this appeal we must draw the inference. Defendant also contends that plaintiff failed to perform his duty to look for and give warning of the hole in the street. We cannot say that plaintiff was obliged to look ahead since Hendricks was propelling the bicycle and it is just as reasonable to infer that plaintiff's obligation when the horn sounded was to turn and keep Hendricks advised as to the position of the approaching car. Defendant, however, contends that the plaintiff would have seen the hole in the street had he been exercising due care and cites *McKinley v. City of Chicago,* 299 Ill. App. 58, and *Briske v. Village of Burnham,* 379 Ill. 193. These cases are distinguishable from the case at bar because in them the plaintiff's conduct was found to be the proximate cause and the defendant's negligence a condition making the injury possible, while here the reverse is true. Plaintiff cites on that point *Perry v. People's Gas Light & Coke Co.,* 119 Ill. App. 389, to show that plaintiff had a right to presume and to act on the presumption that Green street was reasonably safe for ordinary travel and that plaintiff was not bound to keep his eyes constantly upon the street in search of possible defects. We decided this dispute by considering what plaintiff,

or Hendricks for that matter, could have done to avoid the accident, had either or both seen the hole. We cannot infer that they were traveling at a reckless rate of speed, the inference is otherwise, nor can we infer, though the evidence showed they traveled for some distance after steering from the right, that the bicycle could have been stopped before meeting the hole. Hendricks and plaintiff were between the cars parked on the right and the driver's car passing them on the left. From the dimensions given in the record, we assume that the space between the parked cars on the right and the driver's car which passed them on the left at the center of the street, could not have been more than 5 or 6 feet. They were, therefore, compelled to ride at some place near the center of that space in order to avoid contact with the parked cars and the passing car. In that precise path, however, was the hole 3 feet long and 2 feet wide. The reasonable inferences are that neither by looking nor doing any of the acts the defendant complains plaintiff did not do, could plaintiff have avoided the accident.

To sum up, while plaintiff may not, in view of his age, have acted with complete prudence, that fact is not decisive. We believe the question of plaintiff's due care was properly for the jury and that the jury fairly decided the question.

For the reasons herein given the judgment of the circuit court is affirmed.

*Judgment affirmed.*

BURKE, P. J., and HEBEL, J., concur.