BURLINGTON–ROCK ISLAND R. CO. v. NEWSOM et ux.

No. 2846.

Court of Civil Appeals of Texas. Waco.

March 10, 1949.

Williford & Williford, of Fairfield, and Ellen Victery, of Teague, for appellant.

Bowlen Bond, of Teague, for appellees.

HALE, Justice.

Appellees, Luther O. Newsom and wife, sued appellant, Burlington-Rock Island Railroad Company, for damages and injunctive relief. Their claims for damages were grounded upon allegations to the effect that appellant had permitted Johnson grass to mature and go to seed upon its right-of-way during each of the years from 1946 to 1948, inclusive; that such grass had spread to and upon their contiguous land causing them to expend certain time and labor of the value therein set forth in exterminating the same from their land; that by reason thereof they were entitled to recover the statutory penalty of $25 for each of the three years in addition to their damages; that appellant had failed to construct and maintain its roadbed, tracks and a certain culvert thereunder in such manner as to carry surface waters resulting from an ordinary rainfall off of their land through such culvert, the natural drainage being in the direction of said culvert, and as a result thereof they had sustained five items of damages as therein specified; and that, as a further result of such failure a hole of stagnant water had accumulated at the end of the culvert, causing foul odors and mosquitoes to emanate therefrom to appellees' annoyance, discomfort and damage. They further alleged that the conditions arising from the insufficiency of the culvert constituted a nuisance, that by reason of the recurring nature of the injuries and damages resulting therefrom they had no adequate remedy at law against a continuation thereof and they sought to have the same abated by injunction. Appellant answered with a motion to require

appellees to implead an additional party into the suit and with a general denial.

The case was tried before a jury. In answer to Special Issues Nos. 1 to 16, inclusive, the jury found in substance that during the month of May in 1947 and again in 1948 there was an ordinary rainfall on appellees' land, the natural drainage from which was through the culvert under appellant's roadbed; that appellant failed to maintain said culvert in such condition as to carry the surface waters off of appellees' land and as a result thereof such waters backed up on a part of appellees' land, thereby causing damages of a personal nature to appellees in five separate particulars, in the total aggregate sum of $132. In response to Issues Nos. 17 to 28, inclusive, the jury found in effect that appellees did not permit Johnson grass to mature and go to seed upon their land in the years 1946, 1947 or 1948, but that appellant did permit Johnson grass to mature and go to seed on its right-of-way adjacent to appellees' land during each of such years, that the same spread to appellees' land and as a result thereof appellees expended labor of the value of $55 in digging up and removing the grass from their land. In answer to Issues Nos. 29 to 37, inclusive, the jury found that during the years of 1946 and 1947 appellant permitted a hole of water at the opening of the east end of the culvert in question to become a stagnant breeding place for mosquitoes, that mosquitoes coming from such hole caused physical discomfort and annoyance to appellee, Luther O. Newsom in the enjoyment of his home to his damage in the sum of $250 and that the culvert, at the time of the trial in 1948, was insufficient to carry surface waters from an ordinary rainfall off of appellees' land.

Based upon the pleadings, evidence and findings of the jury, the trial court held that the answer of the jury to Special Issue No. 9 was excessive by the sum of $5 and rendered judgment in favor of appellees for the total sum of $507. By the terms of the judgment appellant was enjoined from further obstructing or interfering with the natural flow of surface waters from appellees' land at the point where a concrete box is located in the embankment, decreeing that a mandatory writ of injunction issue to appellant commanding it to remove the portion of the embankment remaining around the concrete box in its embankment and to construct all such necessary culverts and sluices in its embankment at said point as the natural lay of the land adjacent thereto may require for the necessary drainage of ordinary rainfall.

The first point in appellant's brief is: "The court erred in submitting to the jury Issues Numbers 17 to 28, inclusive, for the reason that recovery under what is known as our 'Johnson Grass' Statute is dependent upon proper pleadings of such statute, and this was not done." We overrule this point of error. In doing so we recognize that art. 6401 of Vernon's Tex. Civ.Stats., commonly known as the Johnson Grass Statute, provides an exclusive remedy and that in suits for the recovery of penalties thereunder the pleadings ought to be strictly construed against the party seeking to enforce the provisions thereof. Although appellees did not expressly plead a violation of this statutory enactment by referring to the number of the article within which it is embraced, they did plead the material substance of the fact elements involved in the same, including their asserted right to recover the statutory penalty of $25 for each of the three years upon which their recovery was based. Furthermore, appellant did not interpose any special exception to the petition of appellees, its answer consisting only of a general denial. It did not object to the introduction of the evidence raising Issues 17 to 28, inclusive, and the only objection it made to the submission of such issues was in the nature of a general demurrer wherein it objected to their submission as a group on the ground that appellees had not pleaded what is known as the Johnson grass statute. Since appellant did not specifically point out by motion or exception in writing any defect, omission or fault in the pleading of appellees, as required by Rules 90 and 91, Texas Rules of Civil Procedure, we hold that it has waived its right to assert the insufficiency of the pleadings to sustain the recovery awarded to appellees. Bednarz et al. v. State, 142 Tex. 138, 176 S.W.2d 562; Heffernan v. Ryan, Tex.Civ.App., 163 S.W.

2d 911, er. ref. w. m.; Traders & General Ins. Co. v. Yarbrough, Tex.Civ.App., 181 S.W.2d 305, er. ref. w. m.; McClellan v. Krebs, Tex.Civ.App., 183 S.W.2d 758, er. ref. w. m.; Fleming Oil Co. v. Watts, Tex. Civ.App., 193 S.W.2d 979, er. ref. n. r. e.; Darden v. White, Tex.Civ.App., 195 S.W. 2d 1009, er. ref. n. r. e.; Pena v. Snare, Tex.Civ.App., 196 S.W.2d 207.

By the second point in its brief appellant says the court erred in granting injunctive relief to appellees because the evidence wholly fails to show that appellees will suffer irreparable loss and damage in the future for which they have no adequate remedy at law and "such evidence is not certain and positive enough to justify the court in issuing a mandatory injunction." We overrule this contention. Art. 6328 of Vernon's Tex.Civ.Stats. provides as follows: "In no case shall any railroad company construct a roadbed without first constructing the necessary culverts or sluices as the natural lay of the land requires, for the necessary draining thereof." The statutory duty thus imposed upon all railroad companies in this state necessarily implies a continuing obligation on their part to maintain their roadbeds in accordance with the initial requirements of this statute. If any railroad company fails to discharge this statutory duty to the injury and damage of others it may be compelled by injunction to do so. Gulf, C. & S. F. R. Co. v. Harbison, Tex.Civ.App., 88 S.W. 452; Id., 99 Tex. 536, 90 S.W. 1097. Although there was a dispute in the evidence as to whether appellant, at the time of the trial, had corrected the conditions complained of in this suit, the jury found it had not done so and we cannot say the ex-. press finding of the jury and the implied findings of the trial court on the general issue thus raised was without proper support in the evidence. Falls County v. Kluck, Tex.Civ.App., 199 S.W.2d 704.

Appellant further says the pleadings and evidence were insufficient to form a proper basis for the submission of Issues 34 to 37, inclusive, because "the evidence of mosquitoes breeding in said pond and causing the appellee, Luther O. Newsom, material discomfort, w a s   s o meager that no recovery would be proper, or, in the alternative, the damages allowed were excessive as based on the evidence introduced in regard thereto." We overrule this contention. The evidence was sufficient to show that a pond of water accumulated at the base of the concrete culvert in question during the spring and summer of 1946 and 1947 and that such water became a stagnant breeding place for mosquitoes. Appellee testified that mosquitoes were numerous at his home late in the afternoon and at night. Although he did not testify that the mosquitoes caused him physical discomfort for any particular period of time, we think the evidence was sufficient to show that they did cause annoyance and discomfort to him during such periods as he might remain on his porch, and especially when the wind was from the west. It is generally held that where the law furnishes no legal measure of damages, as in this particular instance, the amount to be awarded rests largely in the discretion of the jury and unless the award is such as to indicate passion or prejudice the verdict will not be set aside as excessive. 13 Tex.Jur. p. 261, Sec. 148 and authorities there cited. See also: 31 Tex.Jur. p. 464, Sec. 47.

Finally, appellant says the court erred in refusing to require appellees to make the holder and owner of a certain deed of trust covering appellees' land a party to this suit. This contention is based upon the fact that the deed of trust was given to secure the payment of an outstanding indebtedness in the sum of $3,100 as evidenced by a note to the Federal Farm Security Administration, the deed of trust providing that "all awards of damages up to the amount of the indebtedness of grantor to the beneficiary in connection with any condemnation for public use or of injury to any of the property" shall be paid to the holder of said deed of trust and note. We overrule this contention. It is apparent that the purpose of the foregoing provision was to afford protection to the beneficiary against any diminution in the value of its security resulting from condemnation of or injury to any part of the mortgaged property. But appellees did not seek or secure any award of damages

in this suit on account of permanent injury to any part of their land or improvements, their damages being limited to such as arose from a temporary loss of use and from expenses incurred by them in restoring the premises to the condition in which they existed prior to the infliction of the injuries and damages of which they complained. Therefore, even if the United States Government as the beneficial owner of the note and deed of trust could have been properly impleaded in the cause, we do not think it had such justiciable interest in the subject matter of the controversy as to render it a necessary party to this suit. Simmons v. Wilson, Tex.Civ.App., 216 S. W.2d 847, pts. 10, 11 and 12.

Finding no reversible error in the record, the judgment of the court below is affirmed.