Kaylor *v.* Maher, Appellant.

Argued January 3, 1951. Before DREW, C. J., STEARNE, BELL, LADNER and CHIDSEY, JJ.

*Paul Lane Ives,* for appellant.

*Joseph W. deFuria,* for appellee, in No. 43.

*Robert W. Beatty,* with him *W. Hensel Brown* and *Butler, Beatty, Greer & Johnson,* for appellee, in No. 42.

OPINION BY MR. CHIEF JUSTICE DREW, March 19, 1951:

Harold E. Kaylor was killed when a tractor-trailer which he was driving collided with an automobile driven by Richard M. Maher, defendant. Helen M. Kaylor, administratrix of his estate, brought an action for damages resulting from his death and Anthony Infantino, the owner of the tractor-trailer, brought a similar action to recover for damage to the equipment. The two cases were consolidated for trial and the jury returned verdicts in favor of both plaintiffs. These appeals followed the refusal of the defendant's motions for judgment n.o.v. and the entry of judgments on the verdicts.

The accident occurred on Kedron Avenue near its intersection with Forest Avenue in Ridley Township, Delaware County. Kedron Avenue is a north-south street composed of two center lanes of concrete each nine feet wide, and two outside lanes of macadam each seven feet wide, making a total width of thirty-two feet. Forest Avenue is a dirt road nineteen feet wide which intersects Kedron Avenue from the east but does not cross it. At 7:30 a.m. on March 10, 1948, defendant, from a parked position on Kedron Avenue 226 feet from the Forest Avenue intersection, drove south on the right hand macadam strip of Kedron Avenue until he reached a point approximately 50 feet from the intersection. At that point, without looking to the rear or giving any signal, he started moving toward the center of the road preparatory to making a left turn into Forest Avenue. When he made that move, the tractor-trailer, which Kaylor was driving in the same direction on the concrete lane, was so close to defendant's automobile that it was impossible to avoid a side-swiping collision. The impact, which occurred about thirteen feet from the intersection, caused the

two vehicles to lock together, and thus locked they skidded across the intersection and stopped when the truck hit a large tree. As a result of the injuries he sustained, Kaylor died three hours later.

Defendant concedes that the evidence amply justifies a finding that he was guilty of negligence but contends that Kaylor was guilty of contributory negligence as a matter of law in attempting to pass his automobile at an intersection in violation of §1008(c) of The Vehicle Code.[1] That section provides: "The driver of a vehicle shall not overtake or pass any other vehicle, proceeding in the same direction, . . . at any intersection of highways . . . *except on a highway having two (2) or more lanes for movement of traffic in one direction, . . .*" (Italics added). Defendant then relies on the rule that, where a person, in violation of this section, attempts to pass another at an intersection of which he has knowledge or reason to know he is guilty of negligence per se: *Wermeling v. Shattuck,* 366 Pa. 23, 76 A. 2d 406; *Jinks v. Currie,* 324 Pa. 532, 188 A. 356. Here, the learned court below held that Kedron Avenue consisted of two lanes, one concrete and the other macadam for the movement of traffic in one direction and that Kaylor, therefore, had not violated §1008(c).

Defendant strongly argues that the macadam was merely a "shoulder" and that the only lane for the movement of traffic in one direction was the concrete strip. Both the oral testimony and the photographic evidence render this position untenable. All of the witnesses referred to the macadam strip as a lane, not as a shoulder. Defendant himself stated that he drove on the "macadam lane" for a distance of at least 120

---

[1] Act of May 1, 1929, P. L. 905, as last amended by the Act of June 27, 1939, P. L. 1135, §24.

feet and then began to move onto the concrete because he wished to be in a position to make a left turn. Clearly, he did not at that time consider it a shoulder. On the contrary, he used it as a lane of travel and properly so. The photographs show no appreciable difference in the surface of the two lanes other than one of color. Both are equally smooth, hard and clearly defined. There is no basis in fact for considering the macadam lane as a shoulder.

Section 1008(c) of The Vehicle Code is not applicable to the facts of these cases and cannot be used as the basis for motions for judgment n.o.v. The proper issues were clearly presented to the jury and the evidence amply supports their verdicts.

Judgments affirmed.