## RAILWAY EXPRESS AGENCY, Inc. v. BAUM.

### No. 3032.

Court of Civil Appeals of Texas. Waco.

May 15, 1952.

Rehearing Denied July 10, 1952.

424

Dawson & Dawson, Corsicana, for appellant.

George Nokes, Jr., Corsicana, for appellee.

TIREY, Justice.

This suit originated in the Justice Court and plaintiff sought to recover damages to a pair of lamps which he alleged he sustained in shipment. The action was grounded on negligence in the handling of the shipment. At the close of the evidence defendant presented its motion for instructed verdict, which was overruled, and the jury in its verdict found the reasonable value of the lamps immediately before the destruction of one of the same to be $150, and further found that the reasonable value to the plaintiff of the lamps in question immediately after the destruction of one of them to be nothing. The judgment of the court followed the verdict of the jury and awarded a recovery in favor of plaintiff against defendant for the sum of $150, with legal interest and costs. Defendant filed its motion for new trial, which was overruled, and has perfected its appeal.

The judgment entered is assailed on ten points. Point 1 complains of the court's failure to give an instructed verdict grounded on the fact that plaintiff failed to prove correct measure of damages and the further fact that plaintiff was not the owner of the lamps at the time the measure of damages was sought to be applied; Points 2 and 3 are substantially to the same effect; and Points 4, 5, 6, 7, 8, 9 and 10 complain of the court's refusal to admit certain testimony. Each point is overruled.

Plaintiff alleged that in September 1950, he properly packed for shipment two lamps and delivered them to defendant to be shipped to Mrs. John D. Stringer (a gift to his daughter) in Washington, D. C.; that defendant received said shipment and executed its receipt therefor, and that in such receipt it was stipulated the declared value of the lamps to be $150; that the negligent handling of such lamps damaged them and rendered them worthless, and he sued to recover the sum of $150, which he alleged to be the value of such lamps. The defendant went to trial on its original answer, which contained only a general denial, and prayed that plaintiff take nothing. The parties stipulated to the effect (a) that Mrs. Stringer's claim against defendant had been assigned to plaintiff; and (b) that the two lamps were contained in the shipment and that one of the lamps was damaged beyond repair and that the other lamp was delivered undamaged.

Plaintiff testified to the effect that when he delivered the lamps to the Express Company for shipment that they were properly packed; "Q. Mr. Baum, when you turned this over to the agent of the Railway Express Company, did he ask you what the value of the lamps was? A. Yes, sir, he

did. Q. What did you tell him? A. $150.00, sir. Q. Does that appear on that receipt? A. Yes, sir, it does, right there (witness indicating)." Plaintiff paid the extra charge to obtain the defendant's consent to carry the shipment at the value of $150. Plaintiff further testified to the effect that these lamps had been in his home for some 30 or 35 years; that they were used for decorative purposes in his living room and that they had no use for illuminating purposes; that they were glass lamps, more or less on the order of Dresden china; that his wife paid $12 for the material out of which she had shades made for these lamps; that he had made demand on defendant to pay the sum of $150, the declared value of the lamps, and that it had refused to do so, and that thereafter he caused this suit to be filed. Plaintiff testified that the reasonable value of the lamps to him was $150 and there was no objection to this testimony.

Appellant says in its brief that the opinion of the Court of Commission of Appeals in International-G. N. R. Co. v. Casey, 46 S.W.2d 669, states the applicable rule as to the measure of damages that is controlling in the case at bar. We do not believe that appellant has brought its case within the rule stated in points 1–6 of the above case. Our Supreme Court in International & G. N. Ry. Co. v. Nicholson, 61 Tex. 550, announced the following rule with reference to secondhand clothing, books, table furniture, etc.: " * * * He could hardly have supplied himself in the market with goods in the same condition and so exactly suited to his purposes as were those of which he had been deprived. As compensation for the actual loss is the fundamental principle upon which this measure of damages rests, it would seem that the value of such goods to their owner would furnish the proper rule upon which he should recover. Not any fanciful price that he might for special reasons place upon them, nor, on the other hand, the amount for which he could sell them to others, but the actual loss in money he would sustain by being deprived of articles so specially adapted to the use of himself and his family." Our Supreme Court has not seen fit to change this rule. See Restatement of the law by our Supreme Court in Pasadena State Bank v. Isaac, Tex., 228 S.W.2d 127, points 1 and 2, and points 4 and 5 as to pleading. See also Ricks v. Smith, Tex.Civ.App., 204 S.W.2d 12 and cases collated under point 7, at page 15.

Moreover, plaintiff brought his suit on the theory that he had delivered the lamps to defendant for shipment on the declared value of $150 and that he had paid the defendant the extra charge to assure the safe delivery of these lamps to his daughter. Defendant filed only a general denial and the cause was tried on the theory that the lamps were of the value of $150 as alleged by plaintiff. Since appellant did not invoke Rules 90 and 91, T.R. C. P., and made no objection to the testimony tendered as to value, the trial court had the right to assume that defendant was willing to try the case on the measure of damages alleged by plaintiff. We have carefully considered defendant's objections to the court's charge, but in view of the pleadings and the evidence adduced without objection, we think the defendant's objections to the court's charge are insufficient. Since appellant did not specifically point out by motion or exception in writing any defect, omission or fault in the pleadings of appellee as required by Rules 90 and 91, supra, it is our view that appellant waived its right to assert the insufficiency of the pleadings to sustain the recovery awarded appellee, as well as the manner in which the court submitted the measure of damages to the jury. See opinion of this court in Burlington-R. I. R. Co. v. Newsom, Tex.Civ.App., 219 S.W.2d 129, points 1 and 2; Strickland Transportation Co. v. Kool Kooshion Mfg. Co., Tex.Civ.App., 230 S.W.2d 277, point 7, at page 280. We think the testimony tendered is sufficient to support the verdict of the jury on the theory on which the case was tried, and, so believing, each of the ten points raised by appellant is overruled.

It follows that the judgment of the trial court is affirmed.

LESTER, C. J., took no part in the consideration and disposition of this case.