Mildred E. Magill, as Executrix of Last Will and Testament of Clark R. W. Magill, M. D., Deceased, Appellant, v. Paul P. George, Appellee.

Gen. No. 45,568.

Opinion filed April 1, 1952. Rehearing denied April 14, 1952. Released for publication May 23, 1952.

GARIEPY & GARIEPY, of Chicago, for appellant; FRANCIS J. GARIEPY, of Chicago, of counsel.

JOHN J. MACIEJEWSKI, of Chicago, for appellee; CHARLES D. SNEWIND, of Chicago, of counsel.

MR. JUSTICE ROBSON delivered the opinion of the court.

This is an appeal from a judgment of the superior court of Cook county in favor of defendant, Paul P. George, appellee, in an action for wrongful death. The judgment was entered on the verdict of a jury finding defendant not guilty. Plaintiff, Mildred E. Magill, appellant, instituted the action as the executrix of the last will of the decedent, Clark R. W. Magill, M. D.

Dr. Magill was killed as the result of an automobile collision which occurred at the intersection of Washington boulevard and Lorel avenue. Dr. Magill was driving in an easterly direction on Washington boulevard and defendant was driving in a southerly direction on Lorel avenue. There was a stop sign on the north side of Washington boulevard for southbound traffic on Lorel avenue entering Washington boulevard. There were no stop signs at the intersection for traffic on Washington boulevard.

The case was tried by a jury. At the close of plaintiff's evidence defendant moved for a directed verdict, which was denied. The jury returned a general verdict finding the defendant not guilty and answered in the negative a special interrogatory as to whether the decedent at the time of the collision was in the exercise of due care. Judgment was entered on the verdicts against the plaintiff and for defendant. Plaintiff's motion for a new trial was denied.

Plaintiff contends that the evidence clearly established that decedent was killed as the direct and proximate result of defendant driving into Washington boulevard at a high and dangerous rate of speed without stopping at the stop sign; that the evidence clearly established that the decedent was in the exercise of due care and that there was no evidence at all that the decedent was guilty of contributory negligence; that the verdicts of the jury were unsupported by any evidence and were the product of the misconduct of defendant's counsel at the trial and erroneous instructions by the court, and that therefore the judgment appealed from should be reversed and the cause remanded for a new trial.

One of the instructions to the jury given by the defendant read as follows:

"You are instructed that on May 30, 1948, and for some time prior thereto there was in full force and

8

.effect a Statute of the State of Illinois, Chapter 95–½, Section 155, in words and figures as follows:

"'(b) No vehicle shall, in overtaking and passing another vehicle or at any other time, be driven to the left side of the roadway under the following conditions:

"'(2) When approaching within 100 feet of any bridge, viaduct, or tunnel or when approaching within 100 feet of or traversing any intersection or railroad grade crossing.'"

The provisions of the statute quoted in the instruction were a part of section 58 of the Uniform Act Regulating Traffic on Highways (Ill. Rev. Stat. 1949, chap. 95½, par. 155) [Jones Ill. Stats. Ann. 85.187] which provides:

"Limitations on overtaking on the left. (a) No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right hand side of the roadway before coming within 100 feet of any vehicle approaching from the opposite direction.

"(b) (Set forth in instruction.)

"1. When approaching the crest of a grade or upon a curve in the highway.

"2. (Set forth in instruction.)

"3. Where official signs are in place directing that traffic keep to the right, or a distinctive center line is marked, which distinctive line also so directs traffic as declared in the sign manual adopted by the Department of Public Works and Buildings."

9

The evidence showed that when Dr. Magill was about 150 feet west of Lorel avenue he started to pass a car driven by one John Clerken, who was driving east on Washington boulevard; that Washington boulevard is a four-lane road, and that Dr. Magill's car struck the defendant's automobile, which had entered Washington boulevard from Lorel avenue from the north, at the southeast corner of the intersection. Clerken, a witness for the plaintiff, testified that the doctor passed his car while he was driving in the eastbound lane close to the south curb and the doctor was in the outer eastbound lane. Defendant contends that certain photographs taken fifteen hours after the collision at the scene of the accident, which is a busy thoroughfare, show certain skid and gouge marks to the left or north of the center line of the street. Defendant's witness, police officer Charles Belzer, after examining the photographs, said that they portrayed skid and gouge marks similar to those he saw shortly after the accident, and that the skid and gouge marks were about in the center of the intersection. He further stated that he didn't see any debris from the collision north of the center line of the boulevard. Plaintiff's witness, Pauline Wallach, said the doctor was in his own lane of traffic at the time of the impact. William O'Donnell, a police officer and witness for the plaintiff, said that he found no skid marks from the doctor's car to the north of the center line of the street and that all the debris from the accident was around the southeast corner and there was none in the middle of Washington boulevard. There is no testimony in the record that the doctor was not in his own traffic lane at the time of and immediately before the collision took place. We have examined the original photographs in the record and in our opinion they do not show skid or gouge marks north of the center line. We must conclude that there

10

was no evidence that decedent drove to the north or left of the center line of Washington boulevard.

■■ Instructions must be based upon the issues raised by the evidence and it is reversible error to give instructions where there is no evidence upon which the instruction can be based. *Rosenkrans v. Barber*, 115 Ill. 331; *Russell v. Consolidated Forwarding Corp., Inc.*, 327 Ill. App. 204. Likewise it is improper for the court to expound to the jury law applicable to other situations and other states of fact. *City of Taylorville v. Stafford*, 196 Ill. 288, 291.

The instruction omits any reference to the center of the roadway and thus there is the possibility that the jury could have been misled by the instruction that decedent should not have passed Clerken even though the automobiles were in their proper lanes, or could have concluded that the decedent drove to the left of the center line of Washington boulevard and that the decedent violated the statute in passing Clerken's car while going through the intersection of Lorel avenue and was therefore as a matter of law negligent.

■■ Further, a reading of section 58 clearly indicates that it was the intent and purpose of this section to afford protection against dangers arising from traffic proceeding in the same and opposite directions on a single thoroughfare. Defendant's attempt to interpret the application as applying to traffic entering a through highway from a side street, such as the intersection in question, is not tenable. This is controlled by section 70, art. IX of the Uniform Act Regulating Traffic on Highways (Ill. Rev. Stat. 1949, chap. 95½, par. 167) [Jones Ill. Stats. Ann. 85.199] which has to do with right of way. Examination of the text reveals that six instances are enumerated where passing or overtaking is prohibited. It is completely unrealistic to contend that it was the intent of the legislature that a group of

11

rules patently designed for the sole purpose of avoiding danger of collision or other accidents to traffic going in the same and opposite directions, should be applied for the protection of traffic entering a highway from a side street when provision for this is made in section 70 of the same Act. A statute or ordinance cannot be extended by construction so as to impose a duty beyond that which it was the legislative intention to impose. *Hollingshead Motor Co. v. Crogan,* 336 Ill. App. 423; *Penwitt v. City of Chicago,* 315 Ill. App. 444.

We find no interpretation of the use of this provision of the statute in our State but we do find interpretation of similar statutes in other jurisdictions. In the case of *Egan v. Palmer,* 221 Mo. App. 823, the statute expressly forbade passing a vehicle "crossing an intersecting highway." Plaintiff was passing a vehicle at an intersection and collided with defendant's automobile entering the highway from a side road. Defendant's contention that plaintiff was contributorily negligent as violating a statute was held unmeritorious for the reason that the statute was not designed to protect traffic coming into the highway from a side road and consequently even if plaintiff had violated the statute the violation would not be a negligent act so far as the defendant was concerned. To the same effect are *Hopper, McGaw & Co. v. Kelly,* 145 Md. 161, and *Barnett v. Bull,* 141 Wash. 139.

██ This court is very reluctant to reverse a case because of a faulty instruction but where it appears that the faulty instruction could well have deceived the jury into a serious misapplication of the law we have no other choice. The instruction in question did this, and, therefore, it was error on the part of the trial court to give it.

In that a new trial is ordered we do not deem it necessary to consider the other contentions of plaintiff. The judgment of the trial court is reversed and

the cause remanded with directions to grant plaintiff's motion for a new trial.

*Judgment reversed and cause remanded with directions.*

TUOHY, P. J. and SCHWARTZ, J., concur.