**ROYAL CROWN BOTTLING CO. v. SMITH,
District Judge, et al.
No. 12472.**

Court of Civil Appeals of Texas.
San Antonio.
Dec. 31, 1952.

Lewright, Dyer, Sorrell & Redford, Corpus Christi, Kemper & Wilson, Houston, Strasburger, Price, Kelton, Miller & Martin, Dallas, for relator.

Hyde, Barber & Shireman, Corpus Christi, for respondent.

NORVELL, Justice.

The district judge was of the opinion that the jury had returned conflicting findings in this case and accordingly refused to render judgment but declared a mistrial. The relator, Royal Crown Bottling Company, the defendant below and hereinafter given that designation, has applied to this Court for a writ of mandamus directing the district judge to render judgment upon the verdict. If there be no conflict in the findings, this Court may issue the writ under the provisions of Article 1824, Vernon's Ann.Tex.Stats.

The collision giving rise to this action occurred at an intersection of U. S. Highway No. 44 and a graveled way known as the Hereford Road which crosses the highway at right angles. See, Royal Crown Bottling Co. v. Minugh, Tex.Civ.App., 244 S.W.2d 531, opinion on plea of privilege. Minugh, hereinafter referred to as plaintiff in accordance with his position in the trial court, was riding a motorcycle which collided with a truck owned by defendant and being driven by L. R. Barrett. Both vehicles were travelling in a westerly direction along U. S. Highway No. 44, which is a four-lane divided traffic way, with an esplanade separating the two lanes for westbound traffic from the lanes carrying traffic passing in the opposite direction. At intervals, in order that traffic might move over the highway, cross-overs are constructed connecting the east and west-bound lanes of the highway. It was plaintiff's pleaded theory (which was supported by the jury's findings) that at the time of the collision defendant's truck driver was engaged in making a left-hand turn, moving his vehicle from the right-hand west-bound lane

226

across the left-hand lane, thereof and onto the cross-over provided for the intersection of the highway and the graveled road. The jury found that the driver of the truck was guilty of a number of negligent acts and omissions proximately causing plaintiff's injuries.

Essentially the claim of conflict rests upon an asserted contradiction between the answers to Special Issue No. 10, on the one hand, and Special Issue No. 12 (and its ancillary issues, Nos. 13 and 14), on the other. By Special Issue No. 10, an attempt was apparently made to submit a theory of statutory negligence or negligence per se. By Special Issue No. 12, a theory of common-law negligence under the standard of the reasonably prudent man was submitted.

Special Issues Nos. 10 and 12, with the jury's answers thereto, are as follows:

"Special Issue No. 10:

"Do you find from a preponderance of the evidence that in attempting to pass the defendant's truck Stanley B. Minugh drove the motorcycle to the left side of the roadway of Highway 44 within 100 feet of its intersection with Hereford Road? Answer: No.

"Special Issue No. 12:

"Do you find from a preponderance of the evidence that at the time of or immediately prior to the collision Stanley B. Minugh was attempting to pass the defendant's truck at or near the intersection of Highway 44 with Hereford Road? Answer: Yes."

(By their answers to ancillary issues Nos. 13 and 14, the jury found that the action of Minugh, inquired about in Special Issue No. 12, was negligence and a proximate cause of plaintiff's injuries.)

Minugh's position, as stated in his brief, is as follows:

"Both Special Issues Nos. 10 and 12 were inquiring substantially into the same subject matter, namely:

"1. Was plaintiff attempting to overtake or pass defendant's truck by driving his motorcycle on the left side of the highway within 100 feet of the intersection? (Special Issue No. 10.)

"2. At the time of the collision at the intersection, was plaintiff attempting to overtake or pass defendant's truck by driving his motorcycle on the left side of the highway at or near said intersection? (Special Issue No. 12.)

"It is obvious, we submit, that the jury's negative answer to Issue No. 10 is in direct conflict with its affirmative answer to Special Issue No. 12, as it is impossible for plaintiff to be attempting to pass defendant's truck on the left, at or near the intersection where the collision occurred, and at practically the same time not be attempting to pass the same truck on the left, within 100 feet of the same intersection."

It seems that plaintiff construes Special Issue No. 10 as submitting the inquiry as to whether Minugh, when within 100 feet of the intersection, attempted to pass the truck by driving his motorcycle on the left-hand side of the west-bound lane. The attempted passing and the 100-foot distance are coupled together. However, the jury's answer to Special Issue No. 10 may reasonably be construed as a finding that Minugh did not attempt to pass the truck by driving the motorcycle *to the left side of the roadway within 100 feet* of an intersection, and was not negligent in this particular. By its answers to Special Issues Nos. 12 and 13, the jury found that Minugh negligently attempted to pass at the intersection. The first mentioned finding (No. 10) therefore means that he did not drive to the left side of the roadway within 100 feet of the intersection, but the later finding (No. 12) is that although he did not drive to the left within 100 feet of the intersection, he did attempt to pass the truck. This means that he was (1) already on the left side by reason of having driven over there some time earlier and was following the truck, and tried to pass it when he got to the intersection; or (2) that he never drove onto the left-hand side, but always remained on his right-hand side, and while remaining on his right-hand side, endeavored to pass at an intersection. In either of these alternatives, consistent with the jury findings, he was passing at the inter-

section, which was the negligent act that forbids his recovery. There is no conflict.

■■ Under the applicable authorities, we must hold that the trial judge should have rendered judgment upon the verdict. The presumption is that the jury did not intend to return conflicting answers, and a verdict should not be stricken on the ground of conflict, provided the answers returned may be reasonably reconciled. Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97; Fredericksburg Hospital & Clinic v. Springall, Tex.Civ.App., 220 S.W.2d 692; Howard v. Howard, Tex. Civ.App., 102 S.W.2d 473, wr. ref.; 41 Tex. Jur. 1224, Trial, § 360.

■ We are not here called upon to pass upon the sufficiency of the evidence to sustain the jury's answers to any of the special issues, such questions are properly raised in a motion for a new trial.

The writ of mandamus will issue, as prayed for, unless the district judge renders judgment in keeping with this opinion without the necessity of the writ of mandamus being issued.