## MINUGH
### v.
### ROYAL CROWN BOTTLING CO.
No. 12641.

Court of Civil Appeals of Texas.

San Antonio.

April 22, 1954.

Rehearing Denied May 19, 1954.

Hyde, Barber & Shireman, Sam Jones, Jr., Kirkham & Graham, Corpus Christi, for appellant.

Lewright, Dyer, Sorrell & Redford, Corpus Christi, Kemper & Wilson, Houston, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Stanley B. Minugh against Royal Crown Bottling Company, seeking to recover damages allegedly sustained by him when a motorcycle which he was operating collided with a truck owned by defendant. The collision occurred at the intersection of State Highway 44 and a graveled way known as Hereford Road. The trial was to a jury and resulted in the jury finding, in answer to special issues submitted, that the driver of defendant's truck was guilty of negligence proximately causing the injuries complained of by Minugh, in attempting to make a left turn from a right-hand lane of a one-way two-lane highway, without giving any signal of his intention to do so. The jury also found, among other things, that plaintiff was guilty of contributory negligence in attempting to pass defendant's truck at a road intersection. Judgment was rendered that plaintiff take nothing, and Stanley B. Minugh has prosecuted this appeal.

This case heretofore reached this Court on an appeal from an order overruling a plea of privilege, Royal Crown Bottling Company v. Minugh, 244 S.W.2d 531, and upon a petition for a writ of mandamus, Royal Crown Bottling Company v. Smith, 254 S.W.2d 225.

In the mandamus proceedings we had before us whether the court erred in declaring a mistrial on account of an alleged conflict of the findings of the jury. We decided there was no irreconcilable conflict between the findings and held that judgment should be rendered on the verdict.

Appellant filed a motion in the trial court contending that there was no evidence in the record to sustain the findings of the jury that appellant was guilty of contributory negligence, and that Special Issues Nos. 12, 13 and 14 should be set aside and judgment rendered in his favor for the amount of damages found by the jury. Appellant further contends that these issues were not based upon any pleading of the appellee, and should be set aside for that reason. Appellant did not object to the submission of Issues Nos. 12, 13 and 14, because they were not based on the pleadings and therefore he will not now be heard to complain of the deficiency in the pleadings. Rules Nos. 272 and 274, Texas Rules of Civil Procedure; McCullom v. McClain, Tex.Civ.App., 227 S.W.2d 333; Scott v. Doggett, Tex.Civ.App., 226 S.W.2d 183; English v. Miller, Tex.Civ.App., 43 S.W.2d 642; Burlington Rhode Island Railroad Company v. Newsome, Tex.Civ.App., 219 S.W.2d 129; Railway Express Agency v. Baum, Tex.Civ.App., 250 S.W.2d 423; Edwards v. Strong, 147 Tex. 155, 213 S.W.2d 979.

Both vehicles involved in this collision were traveling in a westerly direction on Highway 44. Highway 44 is a four-lane highway, with a wide island or esplanade separating the two lanes that carry traffic going in a westerly direction from the two lanes carrying east-bound traffic. At intervals there are cross-overs which permit traffic to go from one set of lanes to the other. Hereford Road intersects Highway

44 at right angles from the north but makes only a "T" intersection and does not leave the highway on the south side. Just prior to the collision appellee's truck was proceeding along Highway 44 in a westerly direction in the extreme north, or right-hand lane. Appellant, also going in a westerly direction, was driving his motorcycle to the rear of the truck in the left-hand lane. The truck without warning made a left turn from the right-hand lane across the left-hand lane at the intersection of Hereford Road. Appellant was unable to avoid a collision with the truck and collided with its left rear. Appellant was attempting to overtake and pass the truck at or near the intersection, and had in fact sounded his horn indicating his intention to pass. Appellee contends that in so doing appellant was violating the law and was guilty of negligence as a matter of law, while appellant contends that in attempting to pass at the intersection he was not violating the law, but that the driver of appellee's truck was violating the law by making a left turn from the right-hand lane.

With reference to the conduct of appellee's agent, the jury found:

(1) That L. R. Barrett, the driver of the truck, approached the intersection involved in the right-hand lane of the traffic and made a left-hand turn from the right-hand lane of the highway into the intersection or cross-over.

(2) That such turn was a proximate cause of the injuries to appellant.

(3) That L. R. Barrett made such turn without making a proper signal for such turn.

(4) That such failure was a proximate cause of the injuries to appellant.

(5) That L. R. Barrett failed to keep a proper lookout.

(6) That such failure was a proximate cause of the injuries to appellant.

With reference to the conduct of appellant, the jury found:

(1) That immediately prior to the collision appellant did not fail to keep a proper lookout.

(2) That in attempting to pass appellee's truck appellant did not drive the motorcycle to the left side of the roadway of Highway 44, within 100 feet of its intersection with Hereford Road.

(3) That at the time of or immediately prior to the collision appellant was attempting to pass appellee's truck at or near the intersection of Highway 44 with Hereford Road. (Issue 12.)

(4) That such act was negligence. (Issue 13.)

(5) That such negligence was a proximate cause of appellant's injuries. (Issue 14.)

(6) That at or immediately prior to the time of the collision appellant was not driving the motorcycle at a faster rate of speed than a person of ordinary prudence would have driven it under the same or similar circumstances.

(7) That appellant did not fail to sound his horn.

(8) That appellant did not fail to make such application of the motorcycle brakes as a person of ordinary prudence would have made under the same or similar circumstances.

(9) That at or immediately prior to the time of the collision appellant was not following the appellee's truck more closely than was reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the conditions of the highway.

(10) That at or immediately prior to the time of the collision appellant was not driving the motorcycle without as much skill, qualification or experience as a person of ordinary prudence would have had before driving a motorcycle under the same or similar circumstances.

(11) That at or immediately prior to the time of the collision appellant did not fail

to have the motorcycle under such control as a person of ordinary prudence would have had under the same or similar circumstances.

(12) That at or immediately prior to the time of the collision appellant did not carry a passenger on the motorcycle in such a manner as to interfere with its safe operation.

Thus it will be seen that the jury exonerated appellant of every possible act of negligence except that of attempting to pass the truck at or near the intersection.

There can be no doubt that appellant was attempting to pass the truck at or near the intersection of Highway 44 and Hereford Road and, as found by the jury, had sounded his horn indicating such intention.

The decision of this cause depends upon whether appellant, under all the facts and circumstances herein, had a legal right to attempt to pass appellee's truck at or near the intersection and was not violating the law in doing so.

In passing on this question we must first see what was the situation with reference to appellee's truck at the time. Appellee's truck was traveling in the extreme right lane of a four-lane highway and the driver of the truck made a left turn out of his right-hand lane, without giving a proper signal of his intention to do so. In our opinion, found in 244 S.W.2d 531, 533, we said: "Under these findings it is clear that Barrett violated the provisions of Article 6701d, §§ 65(b), 68(a) and 68(b)," and we adhere to that conclusion. The effect of these provisions is to require the driver of a motor vehicle who desires to make a left turn, under the circumstances herein, to move over into the left-hand lane of the four-lane highway before arriving within one hundred feet of the intersection and continuously give a signal of his intention to make a left turn for at least 100 feet. He was further required to turn neither to the right or left, out of the lane he was in, without giving a proper signal and ascertaining that such turn could be made in safety.

Appellant had a right to presume that if the driver of appellee's truck was intending to make a left turn, he would have driven over into the left-hand lane and signaled his intention for at least one hundred feet before attempting to make a left turn. He had a right to presume that the driver of appellee's truck would not attempt to make a left turn out of a right-hand lane without giving a proper signal. Appellant had a further right to presume that the driver would not turn, either to the right or left, from the lane in which he was traveling, without first giving a proper signal and ascertaining that such turn could be made in safety.

Appellant was not violating any law in attempting to pass appellee's truck at the intersection. The truck was in the right lane and appellant was in the left lane of the north half of Highway 44. If the truck had continued in the lane it was in appellant could have passed it without going to the left of the center line of Highway 44.

Sec. 57 (a) 2 of Art. 6701d, Vernon's Ann. Civ.Stats., provides, among other things, that "No vehicle shall at any time be driven to the left side of the roadway * * *. When approaching within one hundred (100) feet of or traversing any intersection * * *."

The jury found, in answer to Issue No. 10, that appellant did not drive the motorcycle to the left side of the roadway of Highway 44, within 100 feet of its intersection with Hereford Road, and therefore he did not violate said Section 57 (a) 2.

The fact that appellant drove into the left lane of the north half of Highway 44 did not constitute a violation of this section, because if we regard this north half of Highway 44 as a two-lane one-way road it is expressly exempted from the above provision, under Section 57(b), to the effect that, "The foregoing limitations shall not apply upon a one-way roadway." If we regard Highway 44 as a four-lane highway, then appellant did not violate Section 57(a)2, because he did not drive to the left of the

center of Highway 44. Whether you regard Highway 44 as a two-way, four-lane road, or the north half as a one-way, two-lane road, you come to the same conclusion.

There is no other provision of the statutes which prohibits the driver of a motor vehicle from overtaking and passing another vehicle at a road intersection and there is certainly no rule of the common law which prohibits such passing. We find no Texas case directly in point, but there are cases from other States. Kaestner v. Preferred Accident Ins. Co., 257 Wis. 6, 42 N.W.2d 260; Tophom v. Casey, 262 Wis. 580, 55 N.W.2d 892; Infantino v. Maher, 366 Pa. 633, 79 A.2d 247. See also: 3 Berry on Automobiles 112, § 342; 2 Cyc. of Auto Law, by Blashfield, § 965; Peterson v. Mayham, 10 Wash.2d 111, 116 P.2d 259.

Thus it is seen that appellant was not violating any law in attempting to overtake and pass appellee's truck at the intersection, but was doing what the law gave him a right to do, that is, to use the inside lane of a two-lane, one-way arterial highway for passing vehicles occupying the outside or right lane.

■ A driver of a motor vehicle which is occupying the left lane of a two-lane, one-way arterial highway is not required to foresee that the driver of a motor vehicle which is occupying the outside or right-hand lane of such highway, will in violation of the law attempt to make a left turn from said lane, across the left lane, without giving any signal, and when it cannot be done in safety. He has a right to presume that the vehicle in the outside lane will turn neither to the right or left without first giving an appropriate signal and ascertaining that the movement can be done in safety. 2 Tex.Jur.Supp., § 127, pp. 122-123; Polasek v. Gaines Bros., Tex.Civ.App., 185 S.W.2d 609; 60 C.J.S., Motor Vehicles, § 361, pp. 861–863, § 303, p. 714; 5 Am.Jur., § 169, p. 600.

If a driver of a vehicle could not rely upon this presumption then he would have to be prepared at all times for a vehicle from the right-hand lane to suddenly swerve in front of him without a warning and thus the purpose of a two-lane one-way highway would be largely defeated.

■ Under all the facts and circumstances in this case, appellant was not guilty of negligence which was a proximate cause of his injuries in attempting to pass appellee's truck at a road intersection while the truck was being driven in the right-hand lane and the motorcycle was being driven in the left-hand lane of the two-lane, one-way arterial highway and there was nothing to warn appellant that the driver of the truck would, without warning or signal, in violation of law, attempt to make a left turn and thus block his passageway in the left-hand lane.

The judgment of the trial court will be reversed and judgment here rendered that appellant recover from appellee the sum of $38,126, together with interest thereon at the rate of 6% per annum from this date until paid. All costs to be adjudged against appellee.