## Emil F. Kerchner, Appellee, v. Stephen Davis, Appellant.

1. AUTOMOBILES, § 2*—*right in street and mutual duties.* Automobiles have no greater right in the streets than other vehicles, and pedestrians and automobile drivers have equal rights in the use of the streets.

2. AUTOMOBILES, § 2*—*precautions to avoid injury to passenger alighting from a street car.* Where a driver of an automobile going in the same direction as a street car knows that the car is approaching a street crossing and is slackening its speed, to avoid injuring a passenger alighting from the car, it is the duty of the driver to have his automobile under control, and if necessary to stop it altogether.

3. AUTOMOBILES, § 2*—*when negligent in striking passenger alighting from street car.* An automobile was being driven between a street car track and the curb in the same direction as the car and the driver knew that passengers were let off at a certain street intersection and that the car was slackening speed on approaching the crossing. In passing the car the automobile was five feet from the side thereof and in going eight miles an hour, without

sounding a horn or other signal, struck a passenger who had alighted from the car, the evidence being conflicting whether the car had stopped. *Held*, the automobile driver was negligent.

4. AUTOMOBILES, § 3*—*when contributory negligence is a question of fact*. Where an automobile approaching between the street car tracks and the curb, a street car going in the same direction strikes a passenger who had alighted from the street car without looking backwards, and the evidence is conflicting whether the street car had stopped, the questions of contributory negligence in not looking to see whether an automobile was approaching and the method of getting off of the car are. for the jury.

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913.

M. U. HAYDEN and BARTHEL, FARMER & KLINGEL, for appellant.

TURNER & HOLDER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This suit was tried on the third and fourth counts of appellee's declaration, charging appellant with negligent and careless driving of an automobile at an unreasonable and improper rate of speed, thereby causing injury to appellee, while he was in the exercise of due care for his own safety.

The injury was received on West Main street in the city of Belleville, opposite a point where Cleveland avenue intersects or opens into West Main street. West Main street runs east and west and Cleveland avenue runs north and south. Cleveland avenue does not cross West Main street. It opens into said street from the south, but does not continue north beyond West Main street. On West Main street there is a double track electric railway and on the day of the injury appellee was riding on a car of said railway from his place of business down town to his home, which was located a short distance west of the point where

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.*

a straight line would have touched the north side of West Main street, if such line had been projected north from the west line of Cleveland avenue. He was riding west on the car which was running on the north track, and when the car approached Cleveland avenue it commenced to slow up to receive or discharge passengers. It was the custom of the street railway company to discharge passengers from the north side of the rear platform of the cars running west.

A short time before the car on which appellee was riding reached Cleveland avenue it passed appellant, who was driving an automobile westward along the north side of West Main street. After the street car passed appellant he followed closely, and when the car slowed up to let appellee off appellant's automobile was following closely behind. In getting off the car appellee was facing westward, in the direction the car was moving.

There is a conflict of evidence as to whether the car had come to a complete stop when appellee got off. Preponderance of the evidence seems to be that the car had practically stopped at the west side of Cleveland avenue, the usual place for stopping, and appellee stepped off from the rear platform on the north side of the car and had taken two or three steps when the automobile struck him and knocked him to the pavement.

The only evidence as to the speed of the automobile at the time of the accident was that of appellant, who testified it was running about eight miles an hour.

The uncontroverted facts are that the street car had passed the automobile just before the Cleveland avenue crossing was reached; that the street car slowed up as it approached Cleveland avenue to let passengers off; that the usual place for the west-bound cars to stop was on the west side of Cleveland avenue; that the distance from the north rail of the track the car was on to the curbing on the north side of the street is about eighteen feet; that appellant knew passen-

gers were let off at that point; that after the street
car passed him he followed the car and was close be-
hind it when appellee stepped off; that no horn was
sounded or other signal given by appellant at the time
or immediately before the accident.

It further appears from the evidence that immedi-
ately after the accident the street car and the automo-
bile were close together, both standing on the west side
of Cleveland avenue, and that appellee was there taken
out from under the automobile; that from the side of
the street car to the automobile was only about five
feet. This fact clearly disproves appellant's conten-
tion that his car was only two and one-half feet from
the north curbing when he struck appellee, the proof
being that the distance between the north rail of the
track and the curbing was a little over eighteen feet.
It appears from the evidence that appellant must have
known that the street car was slacking its speed for
that crossing, since his own testimony shows that he
was close to it at the east side of Cleveland avenue and
its place of stopping only about nineteen feet farther
west. Appellant testified that appellee got off the car
before it stopped and that had he waited until the car
stopped he would not have been struck. This testi-
mony indicates what appellant was attempting to do.
He evidently intended to drive his machine past the
car before any passengers would alight, and so took
that risk. He miscalculated, and the injury resulted.

Under the circumstances it was his duty to have his
machine under control, and if necessary to avoid acci-
dent and injury to others to stop it altogether.

In the case of *Kessler v. Washburn*, 157 Ill. App.
532, the court said: "The true test is, that he (an au-
tomobile driver) must use all the care and caution
which an ordinarily prudent and careful driver would
have exercised under the same circumstances." A pru-
dent, careful driver would have anticipated that pas-
sengers were likely to get off the car under the cir-
cumstances of approaching a street crossing and the

slackening of its speed. A prudent driver would have been watchful to avoid the kind of accident that then happened. Automobiles have no greater right in the streets than other vehicles. Pedestrians and automobile drivers have equal rights in the use of the streets. There is a clear distinction between the requirements where one approaches a place of known danger like a railroad crossing and where one simply attempts to cross a street where automobiles and other vehicles may run. The rails hold cars to a particular line. Not so in the case of automobiles. The driver selects a track and directs the course of an automobile the same as a driver of a team and wagon. The weight and power of the automobiles together with the reckless and unskilled driving so prevalent require the utmost stringency of the law to check the increasing casualties that are taking place.

Appellee had the right to get off the car and use the street to reach his home. In attempting to do so he was exercising his right to the usual and lawful use of the street.

There is abundant evidence in the record to show negligence and almost recklessness of appellant in the running his automobile so close to the street car under the circumstances shown by the evidence.

It is contended, however, that appellee was guilty of such contributory negligence as will prevent a recovery. The negligence charged to appellee is that he did not wait until the street car stopped before he got off, and also that he did not look to see whether any automobile was approaching from the east. The evidence as to whether the car had stopped when appellee alighted from it is conflicting. Appellee and several of his witnesses testified that the car had come to a stop when he got off. Appellant and several of his witnesses testified that he got off while the car was still moving.

It was for the jury to say where the truth of this matter laid and whether under the circumstances his

manner of getting off the car was negligence which contributed to his injury.

The question whether it was negligence on the part of the appellee to get off the car without looking backwards was also one for the jury. His failure to look towards the rear of the car to see if any one was approaching in an automobile or whether ordinary care required that he alight from the car with his face in the direction the car was moving were proper considerations for the jury, and unless the verdict was manifestly against the weight of evidence it ought not to be disturbed. We are of the opinion the verdict and the judgment were right under the facts and law in the case, and the judgment is therefore affirmed.

*Affirmed.*