STOCKFISCH v. FOX.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE—INFERENCES.
   On review of directed verdict and judgment for defendants the testimony and permissible inferences therefrom must be resolved in favor of plaintiff.

2. HIGHWAYS AND STREETS—BICYCLES.
   A bicycle is a vehicle whose operator is entitled to reasonable use of the highways.

3. SAME—BICYCLES—AUTOMOBILES—SAFE DISTANCE.

Motorist coming from behind bicyclist without warning may not rely upon latter remaining at a specific distance from edge of road but must pass to the left at a safe distance to be determined by circumstances and variations from perfectly straight driving or riding which may be anticipated from ordinarily careful persons.

4. SAME—SAFE DISTANCE FOR TRUCK TO PASS BICYCLIST.

Four to six feet from right edge of an 18-foot pavement with gravel shoulder *held*, not a safe distance as a matter of law for trucker to pass bicyclist when overtaking latter without warning at a speed of 25 or more miles per hour although bicycle occupies only 18 inches or two feet of the space, too little margin being allowed for possible change of position of the bicycle or because bicyclist may be startled by unheralded appearance of truck.

5. AUTOMOBILES—TRUCKS—BICYCLES—SAFE DISTANCE — PROXIMATE CAUSE—QUESTIONS FOR JURY.

In action by administrator of estate of 16-year old bicyclist, killed as defendants' truck was passing him on an 18-foot pavement at a speed of 25 or more miles per hour, questions of safe distance for truck to pass on left and proximate cause *held*, for jury under circumstances.

6. HIGHWAYS AND STREETS—BICYCLES—RIDING DOUBLE.

While riding double on a bicycle is not negligence *per se,* the increased difficulty of balance caused thereby may be negligence and the proximate cause of an accident.

7. AUTOMOBILES — TRUCKS — BICYCLES — EVIDENCE — INFERENCES— PROXIMATE CAUSE.

On appeal from directed verdict and judgment for defendant owner and operator of truck and trailer in action by administrator of estate of bicyclist, killed when truck and trailer passed him at speed of 25 or more miles an hour on 18-foot pavement, evidence *held,* to permit inference that handling of the truck, not the fact that bicyclist was carrying seven-year old boy as a passenger, was proximate cause of the accident.

Appeal from Wexford; Lamb (Fred S.), J. Submitted April 14, 1936. (Docket No. 91, Calendar No. 38,919.) Decided June 4, 1936.

Case by William H. Stockfisch, administrator of the estate of Vernon Harold Stockfisch, against Henry H. Fox and Reliable Cartage Company, a corporation, for negligent killing of plaintiff's decedent while riding a bicycle on a public highway. Directed verdict and judgment for defendants. Plaintiff appeals. Reversed, and new trial granted.

*Robert B. Murchie,* for plaintiff.

*Henry Miltner* and *Charles H. Miltner,* for defendants.

Fead, J. Plaintiff reviews directed verdict and judgment for defendants. The testimony and permissible inferences therefrom must be resolved in favor of plaintiff.

In the afternoon of a bright, dry day, Vernon Stockfisch, 16 years old, five feet six inches in height, weighing 120 pounds, was riding a bicycle westerly on an 18-foot paved highway. On the bicycle with him was a boy, seven years old, weighing about 40 pounds. Following them were a truck and trailer, owned by defendant corporation and driven by its employee defendant Fox, and two other cars. Excepting those vehicles, there was no other traffic in sight. The boys were observed for several hundred feet and they rode with their bicycle wheels about a foot or 18 inches from the north edge of the pavement and without weaving or wabbling. The truck had no horn or other signaling device on it. Its brakes were defective, but this had nothing to do with the accident. The trailer projected about a foot beyond the front wheels of the truck on each side.

Fox speeded up to 25 to 30 miles per hour to pass the bicycle. He did not turn wholly into the left

traffic lane but only until his truck was partly over the center line and its right front wheel remained within four to six feet of the north edge of the pavement. Just before he reached the bicycle Fox turned more to the right or north and, at the time of the collision, was about four feet from the north edge. The boys gave no indication of knowing that the truck was coming and did not change their steady course until Fox was within about six feet of them. Only Fox knows what happened thereafter. He said:

"The bicycle crept to the right, when it dropped off from the pavement. * * *

"As their bicycle slid off the edge of the pavement it seemed to overbalance them, and they started leaning toward the truck—in toward the center of the road. * * *

"Their bicycle jumped up on the pavement and cut right across right in front of the truck. * * *

"The boys hit the front end of the truck, or they came together, and hit on the front fender on the front side where the fender comes down—they hit there and between that and the radiator, and they just disappeared in under the truck."

The gravel shoulder was about two inches below the pavement. The truck ran some 190 feet after striking the boys, carrying the bicycle and boys for part of that distance. A mark on the pavement, apparently made by dragging the bicycle and beginning a few feet west of where the accident occurred, started 30 inches from the north edge of the pavement. The boys were killed.

The court directed a verdict upon the grounds:

"That there is no causal relation between the negligence claimed on the part of the plaintiff and

the accident, and second, the boy, in driving his bike with another on it, under the circumstances, was guilty of negligence that contributed to the accident, and consequently cannot recover.''

A bicycle is a vehicle, *Myers* v. *Hinds,* 110 Mich. 300 (33 L. R. A. 356, 64 Am. St. Rep. 345), and its operator is entitled to reasonable use of the highway. The law provides no groove in which it shall travel and a driver coming from behind without warning may not rely upon the bicycle remaining at a specific distance from the edge of the road. ''Safe distance'' is not measured by cold inches but by circumstances and the variations from perfectly straight driving or riding which may be anticipated from ordinarily careful persons. It cannot be said as a matter of law that four or six feet from the right edge of an 18-foot pavement is a ''safe distance'' to pass a bicycle when the truck steals up without warning at a speed of 25 or more miles per hour, although the bicycle occupies only 18 inches or two feet of the space and is traveling close to the edge. The distance allows too little margin for possible change of position of the bicycle, from ordinary operation or because the bicyclist may be startled by the unheralded appearance of the truck, to be held legally sufficient.

The jury fairly could infer and find that the proximate cause of the accident was Fox's approach without warning and so close to the boys that they were startled into runnning off the pavement and being thrown in front of the truck, *Gibbard* v. *Cursan,* 225 Mich. 311; or that, finding the truck so close and still bearing farther toward the north edge of the pavement, Stockfisch, fearing a collision, especially since the trailer projected another foot,

"crept to the right" to give the truck more room and slipped off; or that, if the truck had been in the south lane of travel or at a reasonably safe distance from the north edge, there might have been room for the boys to regain their balance and avoid injury.

Under the circumstances, we think "safe distance" and the proximate cause of the accident were questions for the jury.

No authority has been cited that riding double on a bicycle is negligence *per se.* The only authority presented is to the contrary, *Linehan* v. *Morton,* 221 Ill. App. 70.

Obviously the increased difficulty of balance caused by a passenger on a bicycle adds to the hazard and, in some circumstances, may be negligence and the proximate cause of an accident. In the instant case the testimony indicates no difficulty in carrying the small boy on the bicycle until defendant corporation's truck, without warning, was close to the boys. The inference is permissible that it was wholly the conduct of the truck, not at all the loading of the bicycle, which caused the accident.

We think the testimony presented a case for the jury, and judgment is reversed, with costs and new trial.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.