WINTER *v.* PERZ.

1. AUTOMOBILES—BICYCLES—CONTRIBUTORY NEGLIGENCE—QUESTION
   FOR JURY.
   A question for the jury was presented as to matter of con-
   tributory negligence of plaintiff's decedent, a 12-year-old
   bicyclist riding in the right-hand portion of 22-foot cement
   pavement, where there was a dispute as to whether or not he
   might have ridden off of the pavement or nearer the edge,
   statute required a bicyclist to "ride as near to the right
   side of the roadway as practicable," as he was approached
   from the rear without warning, by defendants' car at speed
   of 50 miles per hour, the 16-year-old driver was faced by an
   automobile with bright lights and bicycle had a red reflector
   button on rear fender as required by statute (PA 1949, No
   300, §§ 660, 662).

2. HIGHWAYS AND STREETS—BICYCLES.
   A bicycle is a vehicle whose operator is entitled to reasonable
   use of the highways (PA 1949, No 300, § 657).

3. SAME—BICYCLES—AUTOMOBILES—SAFE DISTANCE.
   Motorist coming from behind bicyclist without warning may
   not rely upon latter remaining at a specific distance from
   edge of road but must pass to the left at a safe distance
   to be determined by circumstances and variations from per-
   fectly straight driving or riding which may be anticipated
   from ordinarily careful persons.

4. AUTOMOBILES—BICYCLES—CONTRIBUTORY NEGLIGENCE—INSTRUC-
   TIONS.
   Instructions relative to claimed contributory negligence of de-
   ceased bicyclist before being struck by motorist while trav-
   eling in same direction shortly after dark, *held*, proper.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 5 Am Jur, Automobiles § 184.
[1–3] Reciprocal duties of driver of automobile and bicyclist. 172
    ALR 736.

5. SAME—BICYCLES—TESTIMONY OF OFFICER.

It was not error to admit testimony of officer relative to position of newspaper bag which decedent bicyclist had been carrying on his bicycle when struck by motorist, shortly after dark early in December, in action by administrator against owner and operator of automobile.

6. SAME—EXCESSIVE VERDICT—GREAT WEIGHT OF EVIDENCE.

Verdict of $5,000 for plaintiff administrator of estate of 12-year-old bicyclist who was fatally injured by motorist who approached from rear without warning, *held*, neither excessive nor contrary to the great weight of the evidence.

Appeal from St. Clair; Kane (Edward T.), J. Submitted October 17, 1952. (Docket No. 87, Calendar No. 45,644.) Decided January 5, 1953.

Case by Jule E. Winter, administrator of the estate of Ronald Winter, deceased, against John Perz and another for damages resulting from death. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Halford I. Streeter* and *Walsh, Walsh, O'Sullivan, Stommel & Sharp,* for plaintiff.

*Watson & Inman,* for defendants.

BOYLES, J. Plaintiff, as administrator, sued for damages for the death of his decedent, a 12-year-old boy, who was killed by an automobile while riding a bicycle on highway US-25A in St. Clair county. The automobile was driven by 16-year-old defendant Robert Perz, and owned by his father John. Both were joined as defendants. On trial by jury, plaintiff had verdict and judgment for $5,000. Defendants' motion for judgment *non obstante veredicto,* on the ground that plaintiff's decedent was guilty of contributory negligence as a matter of law, was denied, and defendants appeal.

Defendant Robert was driving his father's automobile south on US-25 toward Port Huron shortly after dark December 1, 1950. He turned into intersecting US-25A, a newly-constructed cutoff, on which the accident happened. It is a main-traveled 22-foot-wide concrete pavement. The weather was clear, the pavement dry, and headlights had been turned on. Driving on dimmed headlights at about 50 miles per hour, the defendant driver was approached by an automobile with bright lights, lifted his foot from the accelerator, and as he passed the other car he saw the bicycle immediately in front of him, ridden by the decedent. He does not claim that he gave any warning, but claims that the bicycle was in the center of his lane of the highway and that he turned to the left, but that the boy also turned the same way and was struck almost in the center of the road. The bicycle had a red reflector button on the rear fender, required by the statute.* The driver stopped immediately, the boy was lying about 3 feet from the pavement edge of the other lane, and died without recovering consciousness.

Two reasons are urged by appellants why plaintiff's decedent was guilty of contributory negligence as a matter of law—his being where he was on the pavement instead of off of or nearer the edge, and for turning his bicycle to the left toward the center of the pavement. Appellants also claim the court should have granted the defendants' subsequent motion for a new trial on the ground that the verdict was contrary to the great weight of the evidence, and that the court erred in receiving the testimony of an officer as to the position of a newspaper bag which the decedent was carrying on his bicycle when struck. Finally, appellants claim that the court erred in charging as to the law of sudden emergency.

* PA 1949, No 300, § 662 (CL 1948, § 257.662 [Stat Ann 1952 Rev § 9.2362]).

Appellants do not question the court's action in submitting to the jury the issue of the defendants' negligence or proximate cause and we need not discuss questions of admissibility of evidence or the charge to the jury which are directed to that issue. The controlling question raised by appellants is whether the trial court should have held that the plaintiff's decedent was guilty of contributory negligence as a matter of law.

The statute* requires that a person operating a bicycle on the highway shall ride "as near to the right side of the roadway as practicable." The question as to where plaintiff's decedent was when struck by the automobile is in dispute. According to the testimony, the decedent was struck by the right front of the automobile. According to the driver, the boy was struck while turning from the center of the right lane of the pavement, and while the automobile was not yet on the center line in turning to the left. The automobile came to a stop in the left lane of the 2-lane pavement. It is plain the defendant driver had only a fleeting look at the decedent. The right lane of the 2-lane pavement was 11 feet wide. The extreme width of the bicycle did not exceed 2 feet. The car was slightly over 6 feet wide. The bicycle and automobile together would occupy about 8 feet of the 11-foot lane. There was testimony and necessary inferences which raised a question where the decedent was riding at the time he was struck. The court charged the jury:

"If you find that the boy was not riding as near the right-hand side of the roadway as practicable and that his failure to do so contributed to his being struck, then it is your duty to find for the defendant, to find for the defendant because of the contributory negligence of the deceased.

---

* PA 1949, No 300, § 660 (CL 1948, § 257.660 [Stat Ann 1952 Rev § 9.2360]).

"If you find from the evidence that the condition of the shoulder of the road at the time of the accident was such as to afford a suitable path for his bicycle, then it was the duty of the boy to use it and not the roadway and his failure so to do would amount to contributory negligence which would bar plaintiff's recovery.

"I further charge you that there is evidence in this case that prior to being struck by defendant's motor vehicle, Ronald Winter turned to the left from the course in which he had been riding. It will be for you to determine whether such conduct on his part was negligence and if so whether or not it was a proximate cause of his being struck by defendant's automobile."

The foregoing was in accordance with the appellants' request to charge in that connection, which was:

"If you find that the boy was not riding as near the right-hand side of the roadway as practicable and that his failure to do so contributed to his being struck, then it is your duty to find for the defendants because of the contributory negligence of the deceased."

The charge was proper under the circumstances and the court properly submitted to the jury as an issue of fact whether the decedent was guilty of contributory negligence. We are not in accord with appellants' contention that this Court should hold that plaintiff's decedent was guilty of contributory negligence as a matter of law.

In *Stockfisch* v. *Fox,* 275 Mich 630, the trial court directed a verdict for the defendants in a suit for negligent killing of the plaintiff's decedent, a 16-year-old boy, while riding a bicycle on the public highway, mainly on the ground that the bicycle rider was guilty of contributory negligence as a matter of law. The bicycle rider was riding about a foot or 18

inches from his edge of the pavement. As the defendant driver of a truck was about to pass the bicycle from the rear at 25 to 30 miles per hour, with the right side of the truck about 4 feet from the edge of the pavement, the bicycle veered off the pavement and then back to the left toward the truck and there was a collision at the right-front end of the truck. The bicycle rider was killed. In writing for reversal and the granting of a new trial, the Court said:

"A bicycle is a vehicle, *Myers* v. *Hinds*, 110 Mich 300 (33 LRA 356, 64 Am St Rep 345), and its operator is entitled to reasonable use of the highway.[*] The law provides no groove in which it shall travel and a driver coming from behind without warning may not rely upon the bicycle remaining at a specific distance from the edge of the road. 'Safe distance' is not measured by cold inches but by circumstances and the variations from perfectly straight driving or riding which may be anticipated from ordinarily careful persons. It cannot be said as a matter of law that 4 or 6 feet from the right edge of an 18-foot pavement is a 'safe distance' to pass a bicycle when the truck steals up without warning at a speed of 25 or more miles per hour, although the bicycle occupies only 18 inches or 2 feet of the space and is traveling close to the edge. The distance allows too little margin for possible change of position of the bicycle, from ordinary operation or because the bicyclist may be startled by the unheralded appearance of the truck, to be held legally sufficient.

"The jury fairly could infer and find that the proximate cause of the accident was Fox's approach without warning and so close to the boys that they were startled into running off the pavement and being thrown in front of the truck, *Gibbard* v. *Cursan*, 225 Mich 311; or that, finding the truck so close and still bearing farther toward the north edge of the pavement, Stockfisch, fearing a collision, espe-

---

[*] See, also, PA 1949, No 300, § 657 (CL 1948, § 257.657 [Stat Ann 1952 Rev § 9.2357]).

cially since the trailer projected another foot, 'crept to the right' to give the truck more room and slipped off; or that, if the truck had been in the south lane of travel or at a reasonably safe distance from the north edge, there might have been room for the boys to regain their balance and avoid injury.

"Under the circumstances, we think 'safe distance' and the proximate cause of the accident were questions for the jury.    *    *    *

"We think the testimony presented a case for the jury, and judgment is reversed, with costs and new trial."

The court fairly instructed the jury as to the issues of fact and the applicable law. We find no merit in appellants' claims of error in the charge or in the admission of the testimony of the officer, or that the verdict was excessive or contrary to the great weight of the evidence.

Affirmed.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.