Dartha Cloudman, a Minor, by Dorothy S. Warriner, Her Mother and Next Friend, and Dorothy Warriner, Plaintiffs-Appellants, v. Charles Beffa, and Rockford Industries Incorporated, Defendants-Appellees.

Gen. No. 10,861.

Second District.

October 11, 1955.

Released for publication October 31, 1955.

Winston, Strawn, Black & Towner, and Williams, McCarthy & Kinley, all of Rockford, for appellants.

Early & Early, and Maynard & Maynard, all of Rockford, for appellees; James F. Maynard, and John Early, both of Rockford, of counsel.

MR. JUSTICE CROW delivered the opinion of the court.

This is an appeal by the plaintiffs, Dartha Cloudman, a minor, and Dorothy S. Warriner, her mother, against one defendant only, Charles Beffa, from a verdict of a jury and a judgment entered in favor of that defendant. The defendant, Rockford Industries Incorporated, is not involved in this appeal. So far as material, the complaint charged that the plaintiff, Dartha, a minor, 16 years old, was seriously injured when struck from the rear by defendant Beffa's automobile when she was riding her bicycle on a public highway; that her injuries were due to the negligence of the defendant Beffa; and that she was in the exercise of due care at the time. The plaintiffs' motion for a new trial was overruled.

A review of the evidence shows that the plaintiff Dartha Cloudman, a freshman in Rockford College, and a classmate, Mary Hamm, were returning to Rockford from Rockton, on Route 2, a two-lane, north-south, 18-foot highway, straight at this point, on bicycles,

after dark and about 7:30 o'clock p. m., on October 14, 1953; the weather was clear and the pavement dry; they were riding on the concrete slab, single file, about 75 feet apart, and were riding to the right of the center line of said highway, going south; the road is a busy road, with considerable traffic; each of the bicycles was equipped with a flashlight clamped to the handle bars and pointed slightly down to light the pavement in front; although Mary Hamm was pretty sure Dartha's flashlight was lit at the time she could not at first tell definitely from where she was riding at Dartha's rear, but at another point in her testimony she said she could see Dartha's flashlight was lit from a quarter of a block to Dartha's rear; Dartha says her flashlight was lit at the time of the accident, and it was found lit, detached from the bicycle, after the accident; neither had a light or lamp on the rear; each bicycle had a red plastic reflector about one inch in diameter on the rear mudguard.

The defendant Beffa was driving south on Route 2 in a Pontiac Sedan with one Walter Seaberg, a companion, going in the same general direction as the two girls, and when about 8 miles north of Rockford, as he came over a slight rise in the road, he first came upon Mary Hamm who was riding behind Dartha. There were no cars between the Beffa car and the two bicycle riders in the southbound lane, but a car was approaching from the south, going north, in the northbound lane a short distance away. There is some evidence the defendant's forward vision was impaired some by the lights of the approaching northbound car.

The defendant's automobile passed Mary Hamm, the defendant meanwhile applying the brakes, and swerving about two feet to the left of the center line, then it swerved back into its own lane, and then, again, to avoid Dartha, the defendant started to swerve to the left across the center line, and then collided with Dartha's bicycle, knocking her off her bicycle and

279

about 10 feet west of the pavement. She was riding about 3 feet east from the west edge of the highway, according to the defendant's witnesses, or about half a foot therefrom, according to the plaintiff's witnesses. Shortly after the incident some pieces of mud and a reflector were found on the highway about 3 feet east of the west edge, and the bicycle was on the cement about 4 feet from the west edge of the road.

The defendant was travelling about 40 to 45 miles per hour, with headlights on low beam, illuminating the pavement about 75 feet in front. The defendant did not see Dartha until about the time of the impact and at about that time the car approaching from the south was almost directly opposite the defendant's car and part way off the pavement to the east. The defendant's car was then somewhat east of the center line, crowding that approaching car. The defendant did not see the reflector on the rear guard of Dartha's bicycle or the light on the front. The defendant's car stopped about 50 to 75 feet from the collision, it appearing that the right front fender of the car struck Dartha's bicycle.

The defendant did not sound his horn, and claimed he did not have time to do so. Neither of the two girls heard or saw the defendant's car approaching them just before the accident. Mary Hamm was wearing blue jeans and a dark blue jacket, and Dartha was wearing khaki pants and a dark blue jacket. The plaintiff Dartha Cloudman suffered serious injuries as a result of the collision and the plaintiff Dorothy S. Warriner, her mother, incurred numerous expenses for the treatment of the injuries.

The complaint charged the defendant with excessive speed, failure to keep a proper lookout, and failure to keep his car under control. To sustain these charges there is, in addition to what we've set forth above, evidence as to the speed of the defendant's car being about 45 to 50 miles per hour, that he did not see the

first bicycle (Mary Hamm's) until 15 or 20 feet (or it may have been 60 or 70 feet) away from the same, and did not see Dartha's bicycle until a short time before the actual impact.

The specific errors claimed are the refusal of the Trial Court to give two instructions tendered by the plaintiffs as follows:

"1. You are instructed that automobiles have no greater right on the highway than bicycles. At the time and place in question in this case, the plaintiff, Dartha Cloudman, had the right to ride her bicycle, upon the right half of the roadway provided that in using it, she used reasonable care for the safety of others.

"2. The jury is instructed that there is no statute in the State of Illinois which requires that a bicycle driven on the public highway at night be equipped with an electric light on the rear of the vehicle."

■■ We believe instruction No. 1, as a statement of an abstract principle, is possibly not open to serious objection, although it omits the element of the plaintiff Dartha's exercise of due care and caution for not only the safety of others but also her own safety. Passing that omission, however, such an instruction is here merely a statement of an abstract principle, and, if given, could easily mislead the jury, where the instruction does not relate to an issue in the case. There was no issue or dispute as to whether the plaintiff Dartha Cloudman had the abstract right to ride her bicycle upon the right one-half of the roadway. The pleadings made no such issue. The defendant did not tender and the Court did not give any instruction to the contrary of that abstract principle, assuming it to be a correct abstract statement. And there was no issue or dispute as to the fact that she was in fact on the right one-half of the roadway. That circumstance, together with all other material circumstances in evidence, was proper for the jury to consider in determining the questions

281

of negligence and contributory negligence. But an instruction which merely states some abstract principle, sharply and unduly emphasizing some general right, which is not directly in issue, is erroneous: Garvey v. Chicago Rys. Co. (1930), 339 Ill. 276; Baltimore & O. S. W. R. Co. v. Fox (1903), 113 Ill. App. 180; Burke v. Zwick (1939), 299 Ill. App. 558.

Counsel for the appellants cite Molway v. City of Chicago, 239 Ill. 486, their principal case, as an authority for submitting instruction No. 1, and to the effect that a failure to give the same is prejudicial error. We do not so construe that case. There the defendant City of Chicago asked the Court to instruct the jury that "ordinary travel does not include the use of a street by one riding a bicycle thereon . . . A person when riding a bicycle on a street is not using said street for the purpose of ordinary travel." The Supreme Court held that instruction was properly refused. The instruction there involved is obviously not the same as the one here involved, and the negative determination there that the instruction there involved was properly refused is not a precedent for giving the affirmative and abstract and different type of instruction No. 1 requested by the plaintiffs. We have considered the other Illinois cases submitted by the appellants, Kerchner v. Davis (1913), 183 Ill. App. 600, and Christy v. Elliott (1905), 216 Ill. 31, but we believe they also are not in point here.

█ The same comments apply to instruction No. 2 and, in addition, we observe that the Court refused to give defendant's instruction No. 5, which would have specifically attempted to apply a provision of the statutes of Illinois to the plaintiff Dartha with respect to having a lamp or lantern on the rear of the bicycle exhibiting a red light visible 500 feet to the rear. The pleadings made no issue and the instructions given made no issue to the effect that the statutes did so require such a lamp or lantern. However, again, there

was no issue or dispute as to the fact that she had no lamp or lantern on the rear of the bicycle and that circumstance, together with all other material circumstances in evidence, was proper for the jury to consider, regardless of any statute. Instruction No. 2 also was but a statement of an abstract principle (assuming it is correct)—and a negative statement at best,—and would have sharply and unduly emphasized the absence of a statutory duty resting on the plaintiff Dartha, to the exclusion of a possible common-law duty resting on her under all the circumstances. We, therefore, are of the opinion there was no error in refusing both instructions.

■ We have reviewed the evidence on the issue as to whether the verdict is contrary to the manifest weight of the evidence. Counsel for the appellants concede that there is not too much conflict in the material evidence, though there is some. We believe that certain factual matters brought out in the evidence as to the physical facts concerning the highway, the traffic thereon, the presence of the northbound car, together with its speed, indicated at about 60 miles per hour, the headlights on the same approaching the defendant at the time of the impact, the defendant's acts at the time in an effort to avoid the impact, the facts as to Dartha's position on the highway at the time, that the incident occurred after dark, that her bicycle was equipped only with a one-inch plastic reflector on the rear, the girls' wearing apparel at the time, which may not have been conducive to their visibility at night, and the other material facts, most of them undisputed, and related above, could reasonably lead to a difference of opinion as to the inferences which might, under all the circumstances, legitimately be drawn therefrom by a jury as to the defendant's alleged negligence and the plaintiff Dartha's alleged contributory negligence. Under this state of facts, together with the necessity for the fact-finding body to resolve such conflicts as

283

there were in the evidence,—as to Dartha's exact position on the highway at the time of impact, for example, —this clearly leaves the questions of negligence and contributory negligence to the jury to be determined by it from and in the light of all the evidence.

It is the province of the jury, primarily, to determine the weight of the evidence and the credibility of the witnesses,—if it were not so there would be little use for the jury system,—judges must exercise great caution to uphold the sanctity of trial by jury: People v. Hanisch (1935), 361 Ill. 465. The general rule is that negligence and contributory negligence are questions of fact for the jury, and as long as a question remains whether either party has performed his legal duty or has observed that degree of care and caution imposed upon him by law, and the determination of the question involves the weighing and consideration of evidence, the question must be submitted as one of fact: Petro v. Hines (1921), 299 Ill. 236. The question of contributory negligence is ordinarily one which is pre-eminently a question of fact for the consideration of a jury, upon which both parties are entitled to have the finding of a jury: Blumb v. Getz (1937), 366 Ill. 273; Lasko v. Meier (1946), 394 Ill. 71; Murphy v. Illinois State Trust Co. (1941), 375 Ill. 310; McManaman v. Johns-Manville Products Corp. (1948), 400 Ill. 423. Even where the facts are admitted or undisputed but where a difference of opinion as to the inference that may legitimately be drawn from them exists, the questions of negligence and contributory negligence ought to be submitted to the jury,—it is primarily for the jury to draw the inference: Denny v. Goldblatt Bros., Inc. (1939), 298 Ill. App. 325. And a verdict may not be set aside merely because the jury could have drawn different inferences or because judges may feel, if they did, that other conclusions than the one drawn by the jury would be more reasonable: Lindroth v. Walgreen Co. (1950), 407 Ill. 121.

In Buffa v. Blank (1937), 288 Ill. App. 628 (abst.), an action for damages for the death of a minor caused by defendant's driving an auto against deceased while the deceased was riding a bicycle on a public highway, the Trial Court directed a verdict for the defendant and entered judgment thereon, and this Court affirmed. In Erickson v. Central Illinois Electric & Gas Co. (1937), 288 Ill. App. 628 (abst.), an action to recover expenses and damages for injuries sustained by a minor in a collision between the bicycle he was riding on a public street and defendant's bus, a judgment for the plaintiffs was reversed and remanded by this Court. And in Linehan v. Morton (1921), 221 Ill. App. 70, and Greenberg v. Conrad (1921), 220 Ill. App. 508, and Johnson v. Railway Exp. Agency, Inc. (1942), C. C. A. 7th, 131 F.2d 1009, all involving collisions between a bicycle rider and an automobile, and in which the juries returned verdicts for the plaintiffs, upon which judgments were entered, the Appellate Court in the first two cases and the Circuit Court of Appeals in the last, affirmed and held that the questions of the defendant's negligence and the plaintiff's contributory negligence were questions of fact for the jury; that the verdicts were not contrary to the manifest weight of the evidence; and the verdicts could not be disturbed.

We believe the present case comes within those rules, and we would not, under the circumstances, be justified in holding that the verdict is against the manifest weight of the evidence.

The judgment should be, and is, affirmed.

Affirmed.

DOVE and EOVALDI, JJ., concur.