**Robert G. Schaefer, Plaintiff-Appellee, v. Oscar Stamm, d/b/a Stamm Trucking Company, Defendant-Appellant.**

**Gen. No. 65–69.**

Fifth District.

March 9, 1966.

Johnson, Ducey & Feder, of Belleville (Philip G. Feder, of counsel), for appellant.

Plattner, Neville and Rice, of East St. Louis (Edward Neville, of counsel), for appellee.

MORAN, J.

This is an appeal from a plaintiff's verdict of $7,500 in the trial court. The plaintiff was injured when the defendant's truck caught a wire laid across Red House Road by the plaintiff's employer, Union Electric Company, and flipped the plaintiff, who was standing on the wire, into the air and fractured his sacrum.

Robert Schaefer, an employee of Union Electric Company, was, at the time of the accident, acting as a signalman for a work crew stringing wire across Red House Road in St. Clair County, Illinois, directing traffic across the wire and through the work area. An electric company truck was parked on the side of the road with its blinker lights flashing. While directing traffic, the plaintiff was standing on a three-eighths inch shiny copper wire which was lying across the road; plaintiff testified he stood on the wire to reduce the wire's vibration.

Defendant's truck had come to a stop at plaintiff's signal approximately fifty to seventy-five feet from the wire. On Schaefer's signal to come ahead, the driver accelerated and crossed the wire at a speed between twenty and thirty miles per hour. Defendant's driver admits he saw the wire lying across the road when it started up. Other trucks which had crossed the wire

at three to five miles per hour experienced no difficulty; the trailer of defendant's truck, however, engaged the wire Schaefer was standing on and the plaintiff was catapulted or flipped into the air. In answer to a question from defendant's counsel, the plaintiff testified it was his experience as a signalman that excessive speed will cause a wire to be picked up by a vehicle's wheels.

The plaintiff observed the approach of the truck, but did not signal the driver to slow down and remained standing on the wire. He explained that, while he did see the truck's approach to the wire, he was glancing in other directions watching for traffic and that he thought the driver would slow to the speed used by previous trucks.

The plaintiff fractured his sacrum in the fall and was unable to work for seven weeks immediately following the accident. His salary was $150 per week. He also missed a total of six additional weeks' work because of days missed intermittently after his return to work, due to pain in his back or visits to doctors. He has suffered and is suffering recurring pain and was required to wear a back brace for the better part of two years.

The defendant, Stamm Trucking Company, has appealed, alleging that the Circuit Court erred in denying its motion for a directed verdict or a judgment notwithstanding the verdict because the plaintiff failed to prove the defendant was negligent and because the plaintiff is by his own admission guilty of contributory negligence. Defendant also complains the verdict amount of $7,500 was excessive and that the defendant is entitled to a new trial.

The jury heard evidence that a truck with its warning lights flashing marked the work area; that the driver saw the shiny copper wire; that the preceding truck and other trucks had crossed the wire at three to five miles per hour in plain view of the defendant's driver; that

defendant's driver crossed the wire at between twenty and thirty miles per hour; and that excessive speed will cause a vehicle's wheels to pick up a wire.

Certain facts about the operation of motor vehicles are common knowledge to today's driver. Among these facts is that a vehicle's tires will, as they revolve, pick up rocks and other objects the tires cross and spin these objects upward and to the rear. Such occurrences increase in frequency when there is increased weight on the spinning wheel or when the wheel is spinning rapidly. Any driver who has followed another car on a wet road is aware of the spray on his windshield, and if a driver has ever followed a rapidly moving truck on a gravel or rocky road, he is even more aware of the effect a vehicle's tires have upon objects on the road. It seems reasonable to infer that the driver of a tractor trailer grain truck would know the effect his turning wheels would have on an object they crossed. All men are presumed to know those things which are matters of common knowledge, and should be held to have reasonably anticipated such happenings as in the ordinary course of things reasonable men should know will probably occur. (Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836.)

Appellant also takes the position that the plaintiff controlled the defendant driver's conduct by the hand signals he gave and as such is equally at fault for any damages incurred. The appellant urges ". . . the facts in this case absolutely and positively establish contributory negligence as a matter of law on the part of the plaintiff in his conduct immediately prior to and at the time of the occurrence . . . ." The testimony referred to is that the plaintiff was in control of traffic at that point, signaled the defendant's driver to proceed, did not signal him to reduce his speed and remained standing on the wire knowing the truck was proceeding across it. Defendant contends that any reasonable person would anticipate that if for any reason the wire was caught, jerked or

pulled, that a person standing on it would be thrown off, so that it is likewise, common knowledge that plaintiff placed himself in a position of danger under the circumstances here present.

█ Contributory negligence is generally a jury question when facts are in dispute; and "even where facts are undisputed or admitted but where a difference of opinion as to the inferences that may legitimately be drawn from them exists, the question ought to be submitted to the jury . . . it is primarily for the jury to draw the inference." (Cloudman v. Beffa, 7 Ill App2d 276, 129 NE2d 286.)

█ In considering whether to take the decision from the jury by a directed verdict in favor of the defendant or by a judgment notwithstanding the verdict, the court must view the evidence in its most favorable aspect to the plaintiff together with all reasonable inferences therefrom. (Lindroth v. Walgreen Co., et al., 407 Ill 121, 94 NE2d 847.)

█ The evidence, when viewed most favorably to the plaintiff, indicates that he saw the truck begin to accelerate fifty to seventy-five feet away but he was also engaged in watching for other traffic. From the evidence it cannot be said as a matter of law that it was unreasonable for the plaintiff to expect the driver to slow down before he crossed the wire as he had seen another driver do; and when the wire began to vibrate from the crossing truck, the evidence indicates that the plaintiff tried to get off the wire.

█ The facts do not show contributory negligence as a matter of law when viewed most favorably to the plaintiff. It could be reasonably inferred that the plaintiff, when he discovered the danger, did all he could to avoid harm. Prior to discovering the risk, he was obeying his employer's orders in standing on the wire and watching for traffic from other directions. If it is reasonable to infer that the plaintiff did not realize his dan-

47

ger until the truck failed to slow and the wire began to vibrate, then the plaintiff cannot be contributorily negligent as a matter of law for failing to take precautions commensurate with the known risk.

The appellant's final contention is "the verdict in the amount of $7,500.00 was excessive and the defendant is entitled to a new trial."

■ The appellant's abstract of record indicates the plaintiff suffered a fractured sacrum and lost approximately $900 in wages due to the accident and incurred $90 medical expenses. The trial record indicates that the plaintiff's wage loss was $1,950, that the plaintiff wore a back brace for the better part of two years and that the plaintiff has suffered and is suffering recurrent pains in his back. The verdict was consistent with the damages the evidence shows the plaintiff to have suffered.

For the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

GOLDENHERSH and EBERSPACHER, JJ., concur.