Jack Paul BURT and Lois Christine
Burt, Appellants,

v.

Eugene F. BECKER, Guardian Ad Litem for
Gerald Eugene Becker, Respondent.

No. 56891.

Supreme Court of Missouri,
Division No. 1.

July 16, 1973.

Derrick & Holderle, St. Louis, Robert A. McIlrath, Flat River, for plaintiffs, appellants.

Sestric, Sestric, Sweet & McGhee, Grove G. Sweet, St. Louis, of counsel.

Willson, Cunningham & McClellan and Emmett M. O'Brien, St. Louis, for defendant-respondent.

HIGGINS, Commissioner.

Appeal (taken prior to January 1, 1972) from judgment in favor of defendant in action by parents for $50,000 damages for wrongful death of minor child.

Appellants' principal point goes to the submission of contributory negligence by Instruction No. 6 which reads:

"Your verdict must be for the defendant whether or not defendant was negligent, if you believe:

"First, David Burt operated an unlighted bicycle at night on the highway; and

"Second, David Burt was thereby negligent; and

"Third, such negligence of David Burt directly caused or directly contributed to cause any damage plaintiffs may have sustained.

"The term 'negligence' as used in this instruction with respect to decedent means the failure to use that degree of care which an ordinarily prudent boy of the same age, capacity and experience, would use under the same or similar circumstances. MAI 11.04 and 32.01 modified, submitted by defendant."

Instruction No. 6 was the defense to plaintiffs' submission by Instruction No. 4, which reads:

"Your verdict must be for the plaintiffs if you believe:

"* * * Second, defendant either: failed to keep a careful lookout, or failed to sound a horn, or drove at an excessive speed, or passed an automobile on a two-way traffic highway on a curve; and

"Third, defendant's conduct in any one or more of the respects submitted in paragraph Second, was negligent, and

"Fourth, as a direct result of such negligence, David Burt died, unless you believe plaintiffs are not entitled to recover by reason of Instruction No. 6. 20.02 modified, given by plaintiffs."

David Burt, thirteen-year-old child of plaintiffs, was killed May 3, 1970, as a result of a collision between a bicycle he was riding and an automobile operated by Gerald Eugene Becker.

The collision occurred on Highway CC in Jefferson County. Highway CC runs generally north and south. It has a black-top-over-concrete surface approximately eighteen feet wide, and is divided into northbound and southbound lanes by a painted center line. The roadway is down-grade for a southbound driver and, in the vicinity of the collision, curves gradually to the left or southeast, straightening near plaintiffs' home. According to plaintiff Jack Burt, a southbound driver's vision to the south in daylight, when halfway through the curve, is not obstructed by the curve itself. The east shoulder is not wide; it leads down into the grass and a ditch which is about four to five feet off the shoulder. The collision occurred shortly before 9:00 p.m. It was dark.

Gerald was driving southwardly from his home north of the scene to see his girl friend, now wife, who lived south of the scene. As he drove southwardly, he overtook an automobile operated by Victor Wagner. He followed Mr. Wagner about a mile. Mr. Wagner was driving 35 to 45 miles per hour. Gerald followed at a distance of two car lengths until he came to the curve. He then closed the gap because he knew there was a straight stretch in which to pass. He closed to a car length, and then more, then pulled out and looked down the road to see if any lights

were coming. At this point he was half on the curve and half on the straight stretch. He saw no lights approaching from the south and increased his speed to as much as 50 miles per hour. As Gerald "got up just a little bit up the side of Mr. Wagner * * * two boys [David and a friend] just flashed right in front of me." The front of his automobile was about even with Mr. Wagner's front door. David was in the northbound lane about a car length in front of Gerald's car and approximately six feet from the east edge of the pavement headed north. Gerald hit his brakes, turned left, "and * * * the Burt boy, I clipped with the right front fender." After the collision, he let his car come to a "rolling stop" off the roadway.

Mr. Wagner caught "only a fleeting glimpse of a white face * * * in front of this car" that was passing him. The white face was in front of the Becker automobile on the edge of the pavement. It was just a glimpse like the snap of fingers, and he saw pieces fly. He observed stoplights on the Becker car, then saw the lights go off and the car roll to a stop. The curvature of the road was not such as to obstruct vision in daylight of oncoming traffic, nor in the evening of headlights approaching from the south. Prior to Gerald's attempt to pass, Mr. Wagner saw no approaching headlights.

David's bicycle was not equipped with lights or reflectors.

Appellants contend the court erred in giving Instruction No. 6 for the reasons (A) "that it permitted the jury to find the decedent guilty of contributory negligence from the mere fact that he was operating his bicycle on the highway at night without a light, without requiring the jury to find any fact or circumstance from which the jury might properly infer a common law duty to refrain from such operation, and when no statute prohibited such operation, so that, as given, the instruction constituted a roving commission to the jury * * *"; and (B) "that decedent was en-

titled to assume that defendant would not violate the law or act negligently by passing a preceding automobile in a curve, when he could not see oncoming vehicles, including the bicycle of the decedent, and giving effect to such rule of law, under the evidence adduced, decedent was not guilty of contributory negligence as a matter of law, and the submission was therefore unsupported by the evidence."

It is true, as asserted by appellants, that a bicyclist has a legal standing different from that of a motorist. While the "rules of the road" traffic regulations are applicable to bicycles as well as to motor vehicles, McCoy v. Home Oil & Gas Co., 48 S.W.2d 113 (Mo.App.1932), "devices moved by human power," bicycles, are exempted by the statutory definition of "vehicles" to which "light regulations" are applicable. § 307.020(8), RSMo 1969, V. A.M.S. Nevertheless, as recognized by appellants, a bicyclist, using the highway, is subject to a degree of care "precisely the same as the common law duty of a traveler by any means of locomotion whatsoever." De Mariano v. St. Louis Public Service Co., 340 S.W.2d 735, 743[8] (Mo.1960). He is required to exercise ordinary care for his own safety, Van Brunt v. Meyer, 422 S.W.2d 364 (Mo.App.1967), and "its exercise requires such precautions as are commensurate with the dangers reasonably to be anticipated," De Mariano v. St. Louis Public Service Co., supra, 340 S.W.2d l.c. 743[9]. Thus the law recognizes the right of a bicyclist to use the traveled portion of a highway, yet "the manner in which he conducts himself there would have some bearing on the question of contributory negligence." Moffatt v. Link, 207 Mo. App. 654, 229 S.W. 836, 839 (1921).

Respondent makes no suggestion that decedent's conduct as submitted in Instruction No. 6 constituted contributory negligence as a matter of law. He takes the position, as did the trial court, that the issue of decedent's negligence in operating an unlighted bicycle at night on the high-

way, as pleaded and submitted, was a question properly for the jury in this case.

A jury reasonably could find from the evidence that the fatal collision occurred in darkness and under conditions when decedent's presence on the highway on an unlighted bicycle would be difficult to discern by a motorist lawfully using the highway. One using the highways is bound to know he may encounter other users, and he must conform to the standard of care required of him and not create a situation that would endanger his own safety. Here, the evidence permits the inference that decedent's conduct in operating an unlighted bicycle at night on a highway constituted a failure to exercise ordinary care for his own safety with respect to dangers reasonably anticipated, that such was negligence, and that such negligence caused or directly contributed to cause the casualty. This situation is similar to that in Yerger v. Smith, 338 Mo. 140, 89 S.W.2d 66 (1935). Yerger sought recovery for damages sustained when the automobile in which he was a passenger struck some unlighted mules on the highway at night. Among other assignments of negligence, plaintiff charged the owner and rider of the mules with riding and leading the mules on the highway when it was dark and raining without carrying a lantern or otherwise giving a warning of the presence of the mules. The court recognized that statutory lighting requirements did not apply to mules unattached to a vehicle, but found a duty under common law and held the question of the owner's and rider's negligence to be for the jury. See also Fitzpatrick v. Service Const. Co., 227 Mo.App. 1074, 56 S.W.2d 822 (1933), recognizing a jury question in an allegation of negligence under common law with respect to failure of the owner of a paving machine to have lights of any kind on it when left on the highway at night; Church v. Kansas City, 280 S.W. 1053 (Mo.App. 1926), recognizing that the question whether decedent was guilty of contributory negligence under common law in riding his bicycle at night without having a light to reveal objects in the street such as the rocks left there by defendant around a new repair; and, from other jurisdictions, see Cook v. Fogarty, 103 Ia. 500, 72 N.W. 677, 679 (1897), that "a person who rides a bicycle without a light or other signal of warning, in a public thoroughfare, when he is liable to meet moving vehicles * * *, at a time when objects can be discerned readily at a distance of but a few feet, is guilty of negligence" under the bicyclist's common-law duty, and Cloudman v. Beffa, 7 Ill.App.2d 276, 129 N.E.2d 286 (1955), recognizing a submissible question of contributory negligence in violation of common-law duty by a bicyclist in riding to the right of the center line of the highway without a light when struck from the rear by an automobile.

Appellants argue "there would have been no danger to David Burt riding his unlighted bicycle on the highway at 'night' had the defendant kept to his side of the road." This is an accurate conclusion; however, the defendant concededly drove to the other side of the road in the act of passing, and plaintiffs, as demonstrated by Instruction No. 4, submitted the propriety of that act to the jury as a basis for recovery, and the jury had thus to resolve whether the casualty was caused by defendant's presence in decedent's lane of traffic or whether decedent's failure to warn of his presence on the highway caused or contributed to cause the collision. Appellants rely on Turpin v. Shoemaker, 427 S.W.2d 485 (Mo.1968), a suit for wrongful death of one who was killed while engaging in a "quick draw" contest when defendant's revolver, thought to be unloaded, discharged. Judgment was for defendant, and the court reversed and remanded, holding, inter alia, that decedent did not assume the risk of what actually occurred as assumption of risk requires voluntary consent to danger of a known and appreciated risk, and as decedent was unaware that his opponent's revolver contained a live cartridge. The case is so

unique as to lack persuasion on the issues in this bicycle-automobile highway collision case.

Appellants contend also that the court erred "in excluding evidence as to the intelligence and particular capabilities of the decedent * * * since his individual capabilities should be before the jury in order that they might properly evaluate his capacity to know and appreciate dangers which give rise to duty to act or to refrain from acting in a given set of circumstances."

The record with respect to this assertion is in the direct examination of plaintiff Jack Burt:

"Q. Was he an average student? A. A—MR. O'BRIEN: Your Honor, I'll object to that as not being relevant in this case as to what type of student he was. THE COURT: Sustained. MR. DERRICK: I think it is relevant. THE COURT: Sustained. MR. DERRICK: All right."

The record shows that decedent was a normal youngster of thirteen years, who had been cautioned and instructed in the use of his bicycle on the highway, and was an obedient, helpful boy. The record shows also that no offer of proof was made on the subject following the court's ruling, and that plaintiffs did make an offer of proof on an unrelated subject. The propriety of the definition of "negligence" with respect to decedent in Instruction No. 6 is also tacitly conceded. In these circumstances, there was no error "materially affecting the merits of the action." Rule 84.13(b), V.A.M.R.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the Court.

All of the Judges concur.